[602 NYS2d 416]

In the Matter of ROCKLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of MICHAEL McM., Respondent v BRIAN McM., Respondent. LISA McM., Nonparty Appellant.

Second Department, October 4, 1993

## APPEARANCES OF COUNSEL

*Arfine & D'Ambrozio,* Yonkers *(Stephen Arfine* of counsel), for appellant.

*Ilan S. Schoenberger, County Attorney* of Rockland County, New City, for Rockland County Department of Social Services, respondent.

*John C. Lopes,* New City, for Brian McM., respondent.

*Legal Aid Society of Rockland County, Inc.,* New City *(Kenneth S. Michaelson* of counsel), *Law Guardian,* for infant.

*Bernard, Brustein & Abel, P. C.,* New City *(Steven L. Abel* of counsel), for Anne Kuehner, *amicus curiae.*

## OPINION OF THE COURT

JOY, J.

This appeal focuses on the competing interests of a mother, who is not a party to this proceeding pursuant to Family Court Act article 10, in the confidentiality of communications with her former psychologist and her social worker, and the interests of a father, the respondent in the proceeding, in placing before the Family Court evidence that may bear upon the serious charge against him of sexually abusing his son, who was four years old at the time of the alleged abuse. While there is a sizeable body of law dealing with such competing interests in child custody proceedings, the unique question presented to this Court is whether Family Court Act § 1046 (a) (vii) applies to a nonparty parent at a fact-finding hearing in a child protective proceeding.

The instant proceeding pursuant to Family Court Act article 10 was commenced by the Child Protective Services of the Rockland County Department of Social Services on April 2, 1992. The petitioner alleged that the respondent father had sexually abused his son. In connection with a fact-finding hearing which commenced on December 14, 1992, counsel for

the respondent father subpoenaed the mother's former psychologist, Dr. Arnold Projansky, his records pertaining to the mother, and the records of the mother's social worker, Anne Kuehner. Both prospective witnesses moved to quash the subpoena and, after entertaining oral arguments by all concerned, the Family Court denied Dr. Projansky's motion to quash, reasoning that, pursuant to Family Court Act § 1046 (a) (vii), the psychologist-client privilege did not bar introduction of the evidence in question. The Family Court also denied the social worker's motion to quash, but stayed the effect of that decision pending the outcome of this appeal. The order appealed from only deals with Dr. Projansky's motion.

At the outset, it should be noted that the arguments raised on appeal by the nonparty appellant mother, the social worker, the Rockland County Attorney, and the child's Law Guardian, are all premised on an assumption that compliance with the subpoenas will necessarily result in disclosure of confidential information concerning the mother to the respondent father. However, the subpoenas direct the parties to appear and/or produce documents in court in order to determine their relevancy in the fact-finding hearing. Thus, to grant the motions to quash would prematurely restrict the power of the court to assess the relevancy of any evidence contained in those records to the issue framed by the fact-finding hearing (see, Ayubo v Eastman Kodak Co., 158 AD2d 641; People ex rel. Hickox v Hickox, 64 AD2d 412).

Turning to the core question of whether Family Court Act § 1046 (a) (vii) applies to nonparty parents at a fact-finding hearing in a child protective proceeding, our analysis begins with the statutory language. Family Court Act § 1046 provides:

"(a) In any hearing under this article * * *

"(vii) neither * * * the psychologist-client privilege, as set forth in section forty-five hundred seven of the civil practice law and rules, nor the social worker-client privilege, as set forth in section forty-five hundred eight of the civil practice law and rules, shall be a ground for excluding evidence which otherwise would be admissible".

Pursuant to the plain language of the statute, the exclusionary rules based upon the psychologist-client and social worker-client privilege that would generally render confidential communications between psychologist and client and social worker and client incompetent as evidence, are inapplicable in

proceedings pursuant to Family Court Act article 10. The applicability of Family Court Act § 1046 (a) (vii) is not limited to parties to child protective proceedings. The bulk of the cases cited in support of the appellant's contention that the evidence in question is privileged do not involve child protective proceedings under Family Court Act article 10, and are therefore entirely inapposite.

In this regard, protection from unrestrained "fishing expeditions" is provided by Family Court Act § 1046 (b) (ii), which states, in pertinent part:

"(b) In a fact-finding hearing * * *

"(ii) except as otherwise provided by this article, only competent, material and relevant evidence be admitted".

The terms "material" and "relevant" are generally used interchangeably and "evidence is relevant when it logically renders the existence of a material fact more likely or probable than it would be without the evidence" (Richardson, Evidence § 4, at 3 [Prince 10th ed]).

Pursuant to Family Court Act § 1046 (a) (vii), the subpoenaed records and Dr. Projansky's testimony are competent evidence. In this case, the respondent father seeks to prove at the fact-finding hearing that the nonparty custodial mother essentially manipulated the child into accusing him of sexual abuse. He supports this position, in part, with a sworn statement from a psychiatrist, Dr. Arthur H. Green, attesting to the possible psychiatric impairment of the mother. Therefore, any and all evidence which would tend to support or disprove the father's position at the fact-finding stage of this proceeding is relevant (see, Matter of Swift v Swift, 162 AD2d 784, 786). In fact, this is the most logical and opportune point in this proceeding to receive such evidence, since, ultimately, the overriding duty of the court would be to determine the best interests of the child.

The court must not only concern itself with whether this serious charge of sexual abuse is founded, but also whether it is likely to occur or recur. Sitting as parens patriae, the Family Court should not be deprived of potentially relevant evidence tending to prove that the charges of sexual abuse are unfounded. "Acting in the best interests and welfare of [the child] is not a denial of due process to the parents" (Matter of Katherine J., 71 Misc 2d 47, 51). The interests of the child override those of nonparty custodial caretakers in the confidentiality of their medical records. If, in fact, those psychologi-

cal records show the mother's capability to convince her son to falsely accuse the father of sexual abuse, this would clearly be relevant to preventing needless estrangement from the father, which could result in injury to the child (see, Matter of Dwayne G., 97 Misc 2d 333). The sooner the fact finder is in a position to make that assessment, the better.

This Court notes that the right of a nonparty parent to intervene in the fact-finding stage of a child protective proceeding does not include the right to object to the admission of evidence (see, Matter of Holmes, 134 Misc 2d 278).

We find that the interests of the child are best served by permitting the Family Court to examine the subpoenaed records of Dr. Projansky in camera to determine whether or not they are relevant at the fact-finding stage of this proceeding. Accordingly, the order appealed from is affirmed.

SULLIVAN, J. P., EIBER and PIZZUTO, JJ., concur.

Ordered that the order is affirmed, without costs or disbursements.