In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of ZAKHEIMA M. and Others, Children Alleged to be Abused and Neglected, Respondent, v LORENZO M., Appellant. [657 NYS2d 760] —In three related abuse and neglect proceedings pursuant to Family Court Act article 10, the father appeals from an order of disposition of the Family Court, Kings County (Schechter, J.), dated February 17, 1993, which, upon a fact-finding order of the same court dated November 6, 1992, which found that he had sexually abused one of his children and derivatively abused his two other children, inter alia, awarded custody of the children to the mother. The appeal brings up for review the fact-finding order dated November 6, 1992.

Ordered that the order of disposition is affirmed, with costs.

In a child protection proceeding, the petitioner has the burden of proving abuse or neglect by a preponderance of the evidence (see, Family Ct Act § 1046 [b] [i]; Matter of Tammie Z., 66 NY2d 1; Matter of Philip M., 82 NY2d 238, 243). "Proof of injuries sustained by a child or of the condition of a child of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent * * * shall be prima facie evidence of child abuse or neglect" (Family Ct Act § 1046 [a] [ii]). "[P]revious statements made by the child relating to any allegations of abuse or neglect shall be admissible in evidence, but if uncorroborated, such statements shall not be sufficient to make a fact-finding of abuse or neglect. Any other evidence tending to support the reliability of the previous statements * * * shall be sufficient corroboration" (Family Ct Act § 1046 [a] [vi]). The Family Court has considerable discretion to decide whether the child's out-of-court statements describing incidents of abuse have, in fact, been reliably corroborated and whether the record as a whole supports a finding of abuse (see, Matter of Nicole V., 71 NY2d 112, 121; Matter of Commissioner of Social Servs. of City of N. Y. [Joanne W.] v Edyth W., 210 AD2d 328).

Applying these concepts to the evidence presented in this case, we agree with the Family Court that the Commissioner proved by a preponderance of the evidence that the father sexually abused one of his children. The child gave consistent accounts of the abuse to her mother and Dr. Shile, a child psychologist. These out-of-court statements were corroborated by the child's in camera testimony. Although the child's testimony was unsworn, it was taken in the presence of all counsel, who had the opportunity to examine her (*see, Matter of Christina F.,* 74 NY2d 532; *Matter of Keith C.,* 226 AD2d 369). Furthermore, the physical findings of sexual abuse by Dr. Laraque, a pediatrician who testified as an expert with respect to child abuse, corroborated the child's account.

The father's remaining contentions are without merit. Miller, J. P., Copertino, Krausman and Florio, JJ., concur.