■ In the Matter of JENNIFER O. and Others, Infants. JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARK L. O., Appellant. (Proceeding No. 1.) In the Matter of HELEN (H.) O., Respondent, v MARK L. O., Appellant. (Proceeding No. 2.) (Appeal No. 2.) [722 NYS2d 206] —Order unanimously affirmed without costs. Memorandum: In appeal No. 2, respondent contends that Family Court erred in dismissing, *sua sponte,* two *pro se* petitions filed by respondent on June 16, 1998. We are unable to review the propriety of the dismissal of one of those petitions because it is not included in the record. With respect to the petition that is in the record, we conclude that it was properly dismissed. The petition sought modification of an order entered March 22, 1995, granting custody of respondent's three daughters to respondent's ex-wife, and also sought to vacate the finding of neglect upon respondent's admission. The petition was filed by respondent *pro se* while he was represented by counsel and while his motion to vacate three other orders was pending, the dismissal of which is the subject of appeal No. 3. In support of the petition, respondent submitted no evidence that the best interests of the children required modification of the custody order (*see, Matter of Brennan v Anesi,* 279 AD2d 840; *see generally, Eschbach v Eschbach,* 56 NY2d 167, 171-172), and no newly discovered evidence or evidence of fraud beyond conclusory statements (*see,* CPLR 5015 [a] [2], [3]).

In appeal No. 3, respondent contends that the court erred in dismissing his motion to vacate three prior orders of the court (*see,* Family Ct Act § 1061; *see also,* CPLR 5015 [a] [2], [3]; *Matter of Edward FF. v Colleen FF.,* 263 AD2d 707, 708). We conclude that the court properly dismissed respondent's motion based on respondent's failure to allege "good cause" to warrant vacatur of any of those orders (Family Ct Act § 1061; *see, Matter of Kenisha T.,* 267 AD2d 1065). With respect to that part of the motion seeking to vacate the March 9, 1995 order of fact-finding and disposition, respondent alleged that he had been emotionally upset during the proceeding in which he admitted to having neglected his three daughters and his ex-wife's daughter. He further alleged that he did not understand the

court's questions during the colloquy (*see*, Family Ct Act § 1051 [f]), and was forced to make decisions too quickly during the settlement discussions. Those allegations do not provide a sufficient basis for vacatur of the March 9 order. Further, we agree with the court that respondent did not allege the existence of any "newly discovered evidence" and made only a conclusory statement with regard to possible fraud or misconduct (*see*, CPLR 5015 [a] [2], [3]; *see also, Matter of Jenna R.*, 207 AD2d 403, 403-404; *Matter of Shaune L.*, 150 AD2d 689, 690, *lv denied* 74 NY2d 609). (Appeal from Order of Jefferson County Family Court, Hunt, J.—Custody.) Present—Hayes, J. P., Wisner, Scudder, Kehoe and Burns, JJ.