■ In the Matter of YORIMAR K.-M. and Another, Infants. ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHAEL K., Appellant. (Appeal No. 2.) [765 NYS2d 283] —Appeal from an order of Family Court, Onondaga County (Klim, J.), entered April 19, 2002, which, inter alia, placed respondent under the supervision of petitioner for a period of 12 months.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Contrary to the contention of respondent, Family Court properly determined that he sexually abused one of his daughters and neglected another daughter. Respondent failed to object to the validation testimony of petitioner's expert at trial and thus failed to preserve for our review his present contention that the court erred in determining that the expert's testimony was reliable. In any event, "there is adequate record evidence to support [the court's] decision to credit the validation testimony of petitioner's expert" (*Matter of Katje YY.*, 233 AD2d 695, 696 [1996]; *see Matter of Thomas N.*, 229 AD2d 666, 668 [1996]; *cf. Matter of Jared XX.*, 276 AD2d 980, 982-983 [2000]). We conclude that the validation testimony of petitioner's expert sufficiently corroborated the unsworn out-of-court statements of the victim (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.*, 71 NY2d 112, 117-118 [1987]). Although the expert did not specifically testify that the victim had in fact been abused, she testified that the victim's behavior was consistent with that of children who had been sexually abused (*see Matter of Shawn P.*, 266 AD2d 907 [1999], *lv denied* 94 NY2d 760 [2000]; *Matter of Elizabeth G.*, 255 AD2d 1010 [1998], *lv dismissed* 93 NY2d 848 [1999], *lv denied* 93 NY2d 814 [1999]; *cf. Matter of Alexander EE.*, 267 AD2d 723, 726-727 [1999]). Respondent's reliance on our decision in *Matter of Tomas E.* ([appeal No. 2] 295 AD2d 1015 [2002]) for the proposition that a validator must testify that a child was truthful and was in fact sexually abused is misplaced. In that case, we determined that the validator's testimony was sufficient to establish the abuse but was insufficient to corroborate the child's testimony that the mother knew of the abuse where the mother denied knowledge and the validator could not "express an opinion as to which of the two was telling the truth" (*id.* at 1018).

In any event, there was ample corroboration even without

consideration of the validation testimony of petitioner's expert. The school psychologist and child protective services caseworker both opined, without objection, that the victim was abused and was truthful with respect to her allegations of abuse. Although "repetition of an accusation by a child does not corroborate the child's prior account of [abuse]" (*Matter of Francis Charles W.*, 71 NY2d 112, 124 [1987], *rearg denied* 71 NY2d 890 [1988]; *see Tomas E.*, 295 AD2d at 1019), "the consistency of the child['s] out-of-court statements describing respondent's sexual conduct enhances the reliability of those out-of-court statements" (*Matter of Rebecca S.*, 269 AD2d 833, 833 [2000]; *see Matter of Joshua QQ.*, 290 AD2d 842, 843 [2002]; *Matter of Rhianna R.*, 256 AD2d 1184 [1998]). Furthermore, the child's demonstration of sexual acts through the use of dolls is evidence tending to corroborate the child's out-of-court statements (*see Matter of Victoria H.*, 255 AD2d 442, 443 [1998]; *Matter of Sharrell B.*, 190 AD2d 629, 629-630 [1993], *lv denied* 81 NY2d 710 [1993]). Corroboration is further found in the child's age-inappropriate knowledge of sexual conduct (*see Nicole V.*, 71 NY2d at 121; *Joshua QQ.*, 290 AD2d at 843).

The Law Guardian for the neglected child failed to file a notice of appeal, and thus the issues raised by that Law Guardian are beyond our review (*see Matter of Zena O.*, 212 AD2d 712, 714 [1995]; *see also Matter of Brittni K.*, 297 AD2d 236, 240 [2002]; *see generally Hecht v City of New York*, 60 NY2d 57, 60-61 [1983]). Although respondent adopted one of the issues raised by the Law Guardian, that issue is not properly before us because it is raised for the first time in respondent's reply brief (*see Greene v Xerox Corp.*, 244 AD2d 877, 878 [1997], *lv denied* 91 NY2d 809 [1998]; *O'Sullivan v O'Sullivan*, 206 AD2d 960 [1994]). Present—Pigott, Jr., P.J., Green, Pine, Scudder and Hayes, JJ.