█ In the Matter of COLBERDEE C., an Infant. MONROE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, JAMES C., Appellant. [770 NYS2d 265]—

Appeal from an order of Family Court, Monroe County (Taddeo, J.), entered May 4, 2001, which determined that respondent sexually abused his daughter.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order of fact-finding and disposition determining that he sexually abused his

daughter. Contrary to respondent's contention, Family Court's findings of sexual abuse are supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *see also Matter of Dutchess County Dept. of Social Servs. v Margaret F.,* 186 AD2d 255, 256 [1992]). Respondent correctly contends that where, as here, the evidence includes out-of-court statements of a child, such statements must be adequately corroborated to constitute admissible proof of abuse (*see Matter of Tanya T.,* 252 AD2d 677, 678 [1998], *lv denied* 92 NY2d 812 [1998]). However, the testimony of a physician detailing the physical indicia of abuse is sufficient to corroborate such unsworn out-of-court statements (*see Matter of Commissioner of Social Servs. of City of N.Y. v Evelyn R.,* 217 AD2d 697 [1995]; *see also Matter of Tyler K.,* 261 AD2d 834 [1999]; *Matter of Kimberly K.,* 123 AD2d 865 [1986]).

In this case, the out-of-court statements of the four-year-old victim that she and her daddy "had sex" and her frank description of the activity were corroborated by the testimony of a physician that the victim had injuries that were indicative of sexual abuse. The court has considerable discretion in determining whether a child's out-of-court statements describing incidents of abuse have been reliably corroborated and whether the record as a whole supports a finding of abuse (*see Matter of Commissioner of Social Servs. [Zakheima M.] v Lorenzo M.,* 239 AD2d 498 [1997]). We conclude that the physician's testimony sufficiently corroborates the child's out-of-court statements and that petitioner met its burden of proving that respondent sexually abused his daughter by a preponderance of the evidence. Present—Pigott, Jr., P.J., Pine, Wisner, Hurlbutt and Gorski, JJ.