■ In the Matter of Annastasia C. and Others. Cattaraugus County Department of Social Services, Respondent; Carol C., Appellant. (Appeal No. 3.) [910 NYS2d 631]—

Appeal from an order of the Family Court, Cattaraugus County (Michael L. Nenno, J.), entered June 30, 2009 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent had neglected the subject children and placed subject children in the custody of petitioner.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating the findings that respondent "permitted the two older children to attend school daily both dirty and inappropriately dressed and did not administer [the older child's] medication in accordance with the direction by his doctor" and as modified the order is affirmed without costs.

Memorandum: Respondent mother appeals from an order adjudging that she neglected three of her children. The finding of neglect is based in part on a finding by Family Court that the mother "failed to take appropriate action to protect the children from their father" when she was told that one of the three children was abused by the father (*see Matter of Annastasia C. [Ronnie C.]*, 78 AD3d 1578 [2010] [decided herewith]). We reject the mother's contention that the out-of-court statements of one of the children were not sufficiently corroborated to establish that the father had abused that child (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Colberdee C.*, 2 AD3d 1316 [2003]; *Matter of Addie F.*, 22 AD3d 986, 987 [2005]). Here, the child's out-of-court statements were sufficiently corroborated by, inter alia, the testimony of an examining physician, who opined that the child's symptoms were consistent with sexual abuse (*see Matter of Tristan R.*, 63 AD3d 1075, 1077 [2009]; *Colberdee C.*, 2 AD3d at 1317), as well as by the testimony of a psychologist, who opined that the child's statements made during a videotaped interview between the child and a caseworker for child protective services were credible (*see Matter of Victoria KK.*, 233 AD2d 801, 802-803 [1996]). We also reject the further contention of the mother that the court erred in admitting the videotaped interview in evidence. The accuracy and authenticity of the videotape was sufficiently established by the testimony of the caseworker during the fact-finding hearing (*see generally Matter of Hirsh v Stern*, 74 AD3d 967 [2010]). Thus, contrary to the mother's contention, the evidence is sufficient to support the finding that the mother neglected all three children based on her failure to take appropriate action following the abuse of one child by the father. That failure "demonstrated a fundamental defect in [her] understanding of the duties and obligations of parenthood and created an atmosphere detrimental to the physical, mental and emotional well-being" of the children (*Matter of Lynelle W.*, 177 AD2d 1008, 1009 [1991]; *see* Family Ct Act § 1012 [f] [i]).

Although we conclude that the evidence is sufficient to establish that the mother neglected the three children, we agree with the mother that the evidence is insufficient to support the specific findings that she neglected the two older children with respect to the manner in which she permitted them to attend school, both "dirty and inappropriately dressed," and with respect to her alleged failure to administer medication to the oldest child in accordance with the direction of his physician. We therefore modify the order by vacating those findings. "[A] finding of neglect may be entered where, 'though [being] financially able to do so or offered financial or other reasonable means to

do so,' a parent fails to provide the child[ren] with adequate clothing and basic medical care" (*Matter of Jalesa P. [Georgia P.]*, 75 AD3d 730, 732 [2010], quoting Family Ct Act § 1012 [f] [i] [A]). No evidence was presented at the fact-finding hearing concerning the financial status of the mother and her ability to provide adequate clothing (*see id.* at 732-733). Similarly, although petitioner presented evidence that the prescription medications for the older child were low or had not been filled in a few months, there was insufficient evidence of that child's need for the medication or the appropriate dosage thereof (*see id.*). Present—Smith, J.P., Peradotto, Carni, Sconiers and Gorski, JJ.