# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**289**
**CAF 10-00914**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND GREEN, JJ.

---

IN THE MATTER OF NICHOLAS J.R.
-----------------------------------------
CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL        MEMORANDUM AND ORDER
SERVICES, PETITIONER-RESPONDENT;

JAMIE L.R., RESPONDENT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF
COUNSEL), FOR RESPONDENT-APPELLANT.

STEPHEN J. RILEY, OLEAN, FOR PETITIONER-RESPONDENT.

BERT R. DOHL, ATTORNEY FOR THE CHILD, SALAMANCA, FOR NICHOLAS J.R.

---

Appeal from an order of the Family Court, Cattaraugus County
(Michael L. Nenno, J.), entered April 8, 2010 in a proceeding pursuant
to Family Court Act article 10.  The order found that respondent had
abused the subject child.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Respondent mother appeals from an order of fact-
finding and disposition determining that she sexually abused her son.
Contrary to the mother's contention, Family Court's findings of sexual
abuse are supported by the requisite preponderance of the evidence
(*see* Family Ct Act § 1046 [b] [i]; *Matter of Colberdee C.*, 2 AD3d
1316).  "A child's out-of-court statements may form the basis for a
finding of [abuse] as long as they are sufficiently corroborated by
[any] other evidence tending to support their reliability" (*Matter of
Nicholas L.*, 50 AD3d 1141, 1142; *see* § 1046 [a] [vi]; *Matter of Nicole
V.*, 71 NY2d 112, 117-118; *Matter of Alston C.*, 78 AD3d 1660).  Courts
have "considerable discretion in determining whether a child's out-of-
court statements describing incidents of abuse have been reliably
corroborated and whether the record as a whole supports a finding of
abuse" (*Colberdee C.*, 2 AD3d at 1316; *see Nicholas L.*, 50 AD3d at
1142), and "[t]he Legislature has expressed a clear 'intent that a
relatively low degree of corroborative evidence is sufficient in abuse
proceedings' " (*Matter of Jessica N.*, 234 AD2d 970, 971, *appeal
dismissed* 90 NY2d 1008; *see Matter of Richard SS.*, 29 AD3d 1118,
1121).  Here, the out-of-court statements of the child were
sufficiently corroborated by the testimony of an evaluating
psychologist who opined that the child's statements made both to the
psychologist and to a caseworker for child protective services during

a videotaped interview were credible (*see* § 1046 [a] [vi]; *Matter of Annastasia C.*, 78 AD3d 1579; *see also Alston C.*, 78 AD3d at 1661). Furthermore, "[a]lthough 'repetition of an accusation by a child does not corroborate the child's prior account of [abuse]' . . ., 'the consistency of the child['s] out-of-court statements describing [the mother's] sexual conduct enhances the reliability of those out-of-court statements' " (*Matter of Yorimar K.-M.*, 309 AD2d 1148, 1149; *see Richard SS.*, 29 AD3d at 1121-1122; *Matter of Rhianna R.*, 256 AD2d 1184).

We reject the further contention of the mother that the court erred in precluding her from presenting certain evidence at the fact-finding hearing concerning the father's alleged corporal punishment of the child.  Pursuant to Family Court Act § 1046 (b) (iii), "only competent, material and relevant evidence [may] be admitted" at a fact-finding hearing on an article 10 petition.  "The terms material and relevant are generally used interchangeably and evidence is relevant when it logically renders the existence of a material fact more likely or probable than it would be without the evidence" (*Matter of Rockland County Dept. of Social Servs. v Brian McM.*, 193 AD2d 121, 124 [internal quotation marks omitted]).  Although "[a]ny evidence tending to support the [mother's] position that the allegations of abuse were fabricated [is] relevant" (*Matter of Christopher L.*, 19 AD3d 597, 598; *see Rockland County Dept. of Social Servs.*, 193 AD2d at 124), here the evidence concerning the father's alleged corporal punishment of the child was not relevant with respect to the issue whether the mother sexually abused the child (*see Matter of Lauren R.*, 18 AD3d 761).

Finally, the mother contends that the court improperly delegated to a psychologist the authority to determine whether contact between the mother and the child should occur during therapy sessions.  That provision appears in an order of protection that was annexed to and made a part of the order on appeal.  "While we agree with the mother with respect to the merits of her contention . . ., we conclude that, because the order [of protection] has expired," the mother's contention is moot (*Matter of Leah S.*, 61 AD3d 1402).

Entered:  April 29, 2011                          Patricia L. Morgan
                                                  Clerk of the Court