# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1135**
**CAF 10-02013**
PRESENT: FAHEY, J.P., CARNI, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF LYDIA C.
------------------------------------------------
STEUBEN COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;                    MEMORANDUM AND ORDER

ALBERT C., RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

ROSEMARIE RICHARDS, SOUTH NEW BERLIN, FOR RESPONDENT-APPELLANT.

ALAN P. REED, COUNTY ATTORNEY, BATH (MICHELLE A. COOKE OF COUNSEL), FOR PETITIONER-RESPONDENT.

BONITA STUBBLEFIELD, ATTORNEY FOR THE CHILD, PIFFARD, FOR LYDIA C.

---

Appeal from an order of the Family Court, Steuben County (Peter C. Bradstreet, J.), entered September 13, 2010 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent abused the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, respondent father appeals from an order determining, following a fact-finding hearing, that he sexually abused the child who is the subject of these proceedings. In appeal No. 2, the father appeals from an order granting petitioner mother sole custody of the child and suspending his visitation with the child. Contrary to the contention of the father in appeal No. 1, Family Court properly denied his motion to dismiss the abuse petition inasmuch as the out-of-court statements of the child were sufficiently corroborated by other evidence tending to support their reliability (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V*., 71 NY2d 112, 117-118, *rearg denied* 71 NY2d 890; *Matter of Nicholas J.R.*, 83 AD3d 1490, *lv denied* 17 NY3d 708; *Matter of Colberdee C*., 2 AD3d 1316). Family Court has " 'considerable discretion in determining whether a child's out-of-court statements describing incidents of abuse have been reliably corroborated and whether the record as a whole supports a finding of abuse' " (*Nicholas J.R.*, 83 AD3d 1490; *see Colberdee C*., 2 AD3d 1316).

Here, the out-of-court statements of the child were sufficiently corroborated by the testimony of her therapists, who both opined that the child's behavior following the alleged abuse was consistent with a

child who has been sexually abused (*see Matter of Breanna R.*, 61 AD3d 1338, 1340; *Matter of Yorimar K.-M.*, 309 AD2d 1148; *cf. Matter of Kalifa K.*, 37 AD3d 1180).  Both of the child's therapists also opined that her out-of-court statements were credible (*see Nicholas J.R.*, 83 AD3d 1490; *Yorimar K.-M.*, 309 AD2d 1148; *Matter of Victoria KK.*, 233 AD2d 801, 803), and those out-of-court statements were " 'consisten[t] . . . [in] describing [the] sexual conduct' " (*Yorimar K.-M.*, 309 AD2d at 1149; *see Nicholas J.R.*, 83 AD3d 1490).  Further, the child's out-of-court statements were corroborated by the unsworn testimony that she gave on cross-examination at the fact-finding hearing (*see Matter of Christina F.*, 74 NY2d 532, 535-537; *Matter of Telsa Z.*, 71 AD3d 1246, 1249-1250; *Matter of Elizabeth D.*, 139 AD2d 66, 67-70, *appeal dismissed* 73 NY2d 871).

The father further contends that the abuse petition should have been dismissed because the evidence was insufficient to identify him as the perpetrator of the alleged abuse.  That contention, however, is not preserved for our review inasmuch as the father failed to move to dismiss the petition on that ground (*see Matter of Syira W.*, 78 AD3d 1552).  In any event, we conclude that Family Court's finding of sexual abuse is supported by the requisite preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Nicholas J.R.*, 83 AD3d at 1490; *see generally Matter of Tammie Z.*, 66 NY2d 1, 3).

The father contends that the court erred in allowing petitioner to present validation testimony, i.e., the testimony of the child's therapists, because those therapists were not identified as potential witnesses in the abuse petition.  That contention, however, is not preserved for our review (*see generally Matter of Brayanna G.*, 66 AD3d 1375, *lv denied* 13 NY3d 714) and, inasmuch as the abuse petition was not included in the record on appeal, that contention is not properly before us (*see generally Matter of Jennifer O.*, 281 AD2d 937, *lv dismissed in part and denied in part* 98 NY2d 666).  In any event, the father's contention is without merit.  Family Court Act § 1031 (a) does not require petitioner to list all potential witnesses but, rather, it requires petitioner to allege only those "facts sufficient to establish that a child is an abused . . . child" (*see Matter of Roman*, 94 Misc 2d 796, 798; *cf.* CPLR 3101 [d] [1] [i]; Family Ct Act § 1038 [d]).  We have reviewed the father's remaining contentions in appeal No. 1 and conclude that none warrants reversal of the order.

We reject the father's contention in appeal No. 2 that the court erred in suspending his visitation with the child.  " 'Visitation decisions are generally left to Family Court's sound discretion, requiring reversal only where the decision lacks a sound and substantial basis in the record' " (*Matter of Nicole J.R. v Jason M.R.*, 81 AD3d 1450, 1451, *lv denied* 17 NY3d 701; *see Fox v Fox*, 177 AD2d 209, 211-212).  Here, the court determined that the father sexually abused the child (*see e.g. Matter of Kimberly CC. v Gerry CC.*, 86 AD3d 728, 729; *Matter of Kole HH.*, 84 AD3d 1518, 1519-1520), and the father refused to proceed with recommended sex offender treatment and mental health counseling (*see Matter of Telsa Z.*, 84 AD3d 1599, 1601-1602).  Further, one of the child's therapists opined

that any visitation between the father and the child would be detrimental to the mental health of the child, and the child testified during the fact-finding hearing that she does not want to see the father or return to his home (*see Veronica S. v Philip R.S.*, 70 AD3d 1459, 1460; *Matter of Jeffrey L.J. v Rachel K.B.*, 42 AD3d 912, 913-914; *see generally Fox*, 177 AD2d at 210).

Contrary to the father's further contention, the court did not abuse its discretion in failing to order a child protective investigation of the mother's home pursuant to Family Court Act § 1034 (1) (b). Here, there was no indication in the petition or during the proceedings that the child was abused, neglected or mistreated in the mother's home (*see Matter of Corrigan v Orosco*, 84 AD3d 955).

Entered: November 10, 2011                    Patricia L. Morgan
                                              Clerk of the Court