# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1055**
**CAF 11-01399**
PRESENT: SCUDDER, P.J., SMITH, FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF SAMAJ B.
------------------------------------------------
MONROE COUNTY DEPARTMENT OF HUMAN SERVICES,  MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

TOWANDA H.-B., RESPONDENT-APPELLANT,
AND WADE B., RESPONDENT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF
COUNSEL), FOR RESPONDENT-APPELLANT.

WILLIAM K. TAYLOR, COUNTY ATTORNEY, ROCHESTER (CAROL L. EISENMAN OF
COUNSEL), FOR PETITIONER-RESPONDENT.

KIMBERLY WHITE WEISBECK, ATTORNEY FOR THE CHILD, ROCHESTER, FOR SAMAJ
B.

---

Appeal from an order of the Family Court, Monroe County (Gail A.
Donofrio, J.), entered June 30, 2011 in a proceeding pursuant to
Family Court Act article 10. The order, among other things, adjudged
that respondent Towanda H.-B. had neglected the subject child.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order adjudging
her child to be neglected. We reject the mother's contention that
petitioner failed to prove by a preponderance of the evidence that the
subject child was neglected. Pursuant to Family Court Act § 1046 (a)
(iii), "proof that a person repeatedly misuses a drug or drugs or
alcoholic beverages, to the extent that it has or would ordinarily
have the effect of producing in the user thereof a substantial state
of stupor, unconsciousness, intoxication, hallucination,
disorientation, or incompetence, or a substantial impairment of
judgment, or a substantial manifestation of irrationality, shall be
prima facie evidence that a child of or who is the legal
responsibility of such person is a neglected child except that such
drug or alcoholic beverage misuse shall not be prima facie evidence of
neglect when such person is voluntarily and regularly participating in
a recognized rehabilitative program." Thus, "neglect may in some
circumstances be presumed if the parent chronically and persistently
misuses alcohol and drugs which, in turn, substantially impairs his or
her judgment while [the] child is entrusted to his or her care"
(*Matter of Chassidy CC. [Andrew CC.]*, 84 AD3d 1448, 1449; *see Matter*

*of Arthur S. [Rose S.]*, 68 AD3d 1123, 1123-1124). "In other words, '[t]he presumption contained in Family [Court] Act § 1046 (a) (iii) operates to eliminate a requirement of specific parental conduct vis-a-vis the child and neither actual impairment nor specific risk of impairment need be established' " (*Matter of Paolo W.*, 56 AD3d 966, 967, *lv dismissed* 12 NY3d 747).

Here, petitioner met its burden of proof by establishing that the mother admittedly used the drug Suboxone on numerous occasions; that she purchased the drug on the street whenever she was able; and that she was prostituting herself in order to obtain money to purchase the drug. Additionally, the mother failed to rebut the presumption created by Family Court Act § 1046 (a) (iii). Although the mother contends that petitioner failed to establish that Suboxone is a "drug" within the meaning of section 1012 (d), "[t]hat contention . . . is not preserved for our review inasmuch as the [mother] failed to move to dismiss the petition on that ground" (*Matter of Lydia C. [Albert C.]*, 89 AD3d 1434, 1435-1436).

Based on our determination, we see no need to address the mother's remaining challenges to the sufficiency of petitioner's proof. We reject the mother's final contention that Family Court erred by admitting in evidence an intake report filed with the Office of Children and Family Services. That report was admissible pursuant to Family Court Act § 1046 (a) (v) inasmuch as the person making the report was a police officer, who is a mandated reporter under Social Services Law § 413 (1) (a) (*see Matter of Lauryn H. [William A.]*, 73 AD3d 1175, 1177; *Matter of Michael G.*, 300 AD2d 1144, 1145; *Matter of Shawn P.*, 266 AD2d 907, 908, *lv denied* 94 NY2d 760).

Entered: September 28, 2012

Frances E. Cafarell
Clerk of the Court