# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1080

CAF 12-00124

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF RAYGEN D.
-----------------------------------------
CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL          MEMORANDUM AND ORDER
SERVICES, PETITIONER-RESPONDENT;

TIMOTHY H., RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

LEGAL ASSISTANCE OF WESTERN NEW YORK, INC./SOUTHERN TIER LEGAL
SERVICES, OLEAN (JESSICA L. ANDERSON OF COUNSEL), FOR
RESPONDENT-APPELLANT.

STEPHEN J. RILEY, OLEAN, FOR PETITIONER-RESPONDENT.

WENDY A. TUTTLE, ATTORNEY FOR THE CHILD, ALLEGANY, FOR RAYGEN D.

---

Appeal from an order of the Family Court, Cattaraugus County
(Larry M. Himelein, J.), entered January 4, 2012 in a proceeding
pursuant to Family Court Act article 10. The order, among other
things, adjudged that respondent abused the subject child.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: In appeal No. 1, respondent appeals from an order of
fact-finding and disposition determining that he sexually abused a
five-year-old girl for whom he acted as a parent substitute. In
appeal No. 2, he appeals from an order of fact-finding and disposition
determining that he derivatively neglected his two-year-old daughter.
Contrary to respondent's contentions in each appeal, Family Court's
findings of sexual abuse are supported by a preponderance of the
evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Nicholas J.R.
[Jamie L.R.]*, 83 AD3d 1490, 1490, *lv denied* 17 NY3d 708). The out-of-
court statements of the child who was allegedly sexually abused "were
sufficiently corroborated by the testimony of an evaluating
psychologist who opined that the child's statements made both to the
psychologist and to a caseworker for child protective services during
a videotaped interview were credible" (*Nicholas J.R.*, 83 AD3d at 1490;
*see Matter of Annastasia C. [Carol C.]*, 78 AD3d 1579, 1580, *lv denied*
16 NY3d 708). Moreover, the court properly drew "a strong inference
against [respondent] for failing to testify" (*Matter of Iyonte G.
[Charles J.R.]*, 82 AD3d 765, 767).

Contrary to respondent's further contention, the evidence

established that respondent "demonstrated a total lack of understanding of the parental role so as to place [his daughter] in imminent danger of harm and accordingly support a finding of neglect" (*Matter of Amanda LL. [David NN.]*, 195 AD2d 708, 710; *see Matter of Kennedie M. [Douglas M.]*, 89 AD3d 1544, 1545, *lv denied* 18 NY3d 808; *Matter of Jovon J.*, 51 AD3d 1395, 1396).

Finally, we conclude that respondent has failed to demonstrate any basis for modifying the terms of the disposition.

Entered:  November 9, 2012                    Frances E. Cafarell
                                              Clerk of the Court