Matter of David C. (Lawrence C.) (2018 NY Slip Op 04477)





Matter of David C. (Lawrence C.)


2018 NY Slip Op 04477


Decided on June 15, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND WINSLOW, JJ.


712 CAF 17-00853

[*1]IN THE MATTER OF DAVID C., YARRISA C., AND SAARAH C. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; LAWRENCE C., RESPONDENT-APPELLANT, AND STEPHANIE C., RESPONDENT. (APPEAL NO. 1.)






TIMOTHY R. LOVALLO, BUFFALO, FOR RESPONDENT-APPELLANT. 
JAMES E. BROWN, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Erie County (Lisa Bloch Rodwin, J.), entered March 28, 2017 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent Lawrence C. sexually abused one of the subject children and derivatively neglected the others. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In appeal No. 1, Lawrence C. (respondent) appeals from an order determining that he sexually abused a seven-year-old girl (victim) for whom he acted as a parent substitute and derivatively neglected the victim's two siblings who resided in the same household. In appeal No. 2, respondent appeals from an order determining that he derivatively neglected his biological daughter, who was born after the petition in appeal No. 1 was filed.
We reject respondent's contention in appeal No. 1 that petitioner failed to establish by a preponderance of the evidence that he sexually abused the victim (see Family Ct Act § 1046 [b] [i]). " A child's out-of-court statements may form the basis for a finding of [abuse] as long as they are sufficiently corroborated by [any] other evidence tending to support their reliability' " (Matter of Nicholas J.R. [Jamie L.R.], 83 AD3d 1490, 1490 [4th Dept 2011], lv denied 17 NY3d 708 [2011]; see § 1046 [a] [vi]). "Courts have considerable discretion in determining whether a child's out-of-court statements describing incidents of abuse have been reliably corroborated and whether the record as a whole supports a finding of abuse' " (Nicholas J.R., 83 AD3d at 1490), and "[t]he Legislature has expressed a clear intent that a relatively low degree of corroborative evidence is sufficient in abuse proceedings' " (Matter of Jessica N., 234 AD2d 970, 971 [4th Dept 1996], appeal dismissed 90 NY2d 1008 [1997]; see Matter of Richard SS., 29 AD3d 1118, 1121 [3d Dept 2006]).
Here, the victim told two of her teachers about the abuse, as well as her sister and a police investigator. Although there may have been minor inconsistencies in her various statements, the victim did not waver in her description of how respondent sexually abused her, where it happened and when it happened. Notably, the victim's allegation that respondent placed his penis in her anus was corroborated by the medical evidence, which established that the victim had anal bruising and redness. That allegation was also corroborated in part by defendant's [*2]statement to the police. Although respondent denied having any sexual contact with the victim, he acknowledged that he was alone in a bedroom with the victim on the date in question, and he said that his hair may have inadvertently come into contact with the victim's vagina. Moreover, because respondent did not testify at the fact-finding hearing, Family Court "was entitled to draw the strongest possible inference" against him (Matter of Jayla A. [Chelsea K.—Isaac C.], 151 AD3d 1791, 1793 [4th Dept 2017], lv denied 30 NY3d 902 [2017]; see Matter of Brian S. [Tanya S.], 141 AD3d 1145, 1146 [4th Dept 2016]). Under the circumstances, we perceive no basis in the record for disturbing the court's finding of abuse.
Inasmuch as respondent's only challenge to the finding of derivative neglect in appeal Nos. 1 and 2 is that petitioner failed to prove that he sexually abused the victim, we reject his contention in both appeals that the court erred in finding that he derivatively neglected the other children. "A finding of derivative neglect may be made where the evidence with respect to the child found to be abused or neglected demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in [the parent's] care" (Matter of Alexia J. [Christopher W.], 126 AD3d 1547, 1548 [4th Dept 2015] [internal quotation marks omitted]; see Matter of Jovon J., 51 AD3d 1395, 1396 [4th Dept 2008]). Here, respondent's sexual abuse of the victim establishes that there are "fundamental flaws in [his] understanding of the duties of parenthood . . . , justifying the finding that [he] derivatively neglected the subject child[ren]" (Matter of Angel L.H. [Melissa H.], 85 AD3d 1637, 1637-1638 [4th Dept 2011], lv denied 17 NY3d 711 [2011] [internal quotation marks omitted]).
Entered: June 15, 2018
Mark W. Bennett
Clerk of the Court