Matter of Poromon v Evans (2019 NY Slip Op 07205)





Matter of Poromon v Evans


2019 NY Slip Op 07205


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


959 CAF 18-00436

[*1]IN THE MATTER OF SUNNY B. POROMON, PETITIONER-RESPONDENT,
v
MONIQUE T. EVANS, RESPONDENT-APPELLANT, AND EVELYN ADAMS, NOW KNOWN AS EVANS, RESPONDENT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR RESPONDENT-APPELLANT.
HANDELMAN, WITKOWICZ & LEVITSKY, LLP, ROCHESTER (STEVEN M. WITKOWICZ OF COUNSEL), FOR PETITIONER-RESPONDENT.
ALISON BATES, VICTOR, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Monroe County (Joseph G. Nesser, J.), entered February 21, 2018 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner sole legal custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent mother appeals from an order that modified the prior order of custody and visitation by, inter alia, granting petitioner father sole legal custody of the subject child.
Contrary to the mother's contention, Family Court properly admitted in evidence hearsay statements during the fact-finding hearing to establish that the child had been sexually abused while under the mother's supervision by his half brother. It is well settled that " [a] child's out-of-court statements may form the basis for a finding of [abuse] as long as they are sufficiently corroborated by [any] other evidence tending to support their reliability' " (Matter of Nicholas J.R. [Jamie L.R.], 83 AD3d 1490, 1490 [4th Dept 2011], lv denied 17 NY3d 708 [2011]; see Family Ct Act § 1046 [a] [vi]; Matter of Mateo v Tuttle, 26 AD3d 731, 732 [4th Dept 2006]). Such statements, when corroborated, "are admissible in custody and visitation proceedings that are based in part upon allegations of abuse or neglect" (Matter of Montalbano v Babcock, 155 AD3d 1636, 1637 [4th Dept 2017], lv denied 31 NY3d 912 [2018] [internal quotation marks omitted]; see Matter of Cobane v Cobane, 57 AD3d 1320, 1321 [3d Dept 2008], lv denied 12 NY3d 706 [2009]). Courts have " considerable discretion in determining whether a child's out-of-court statements describing incidents of abuse have been reliably corroborated and whether the record as a whole supports a finding of abuse' " (Nicholas J.R., 83 AD3d at 1490; see Matter of Nicole V., 71 NY2d 112, 118 [1987], rearg denied 71 NY2d 890 [1988]). Here, we conclude that the child's out-of-court statements were sufficiently corroborated by, inter alia, an expert who did more than merely vouch for the child's credibility and, instead, "objectively validate[d] [the child's] account" of the alleged abuse (Matter of Dezarae T. [Lee V.], 110 AD3d 1396, 1398 [3d Dept 2013]; see Matter of Nikita W. [Michael W.], 77 AD3d 1209, 1210 [3d Dept 2010]; Matter of Randy A., 248 AD2d 838, 839 [3d Dept 1998]).
In any event, even assuming, arguendo, that the court erred in admitting the child's hearsay statements, we conclude that any error is harmless because there was otherwise a sound and substantial basis in the record to support the court's determination to award the father sole [*2]legal custody (see Matter of Jones v Jones, 160 AD3d 1428, 1429 [4th Dept 2018]; Matter of Isobella A. [Anna W.], 136 AD3d 1317, 1319-1320 [4th Dept 2016]).
The father established a sufficient change in circumstances to warrant an inquiry into the best interests of the child through evidence of the mother's criminal conviction, the breakdown in the parents' ability to cooperate, and mother's admitted failure to provide the child with necessary medication (see Matter of Nathaniel V. v Kristina W., 173 AD3d 1308, 1310 [3d Dept 2019]; Matter of Mattice v Palmisano, 159 AD3d 1407, 1408 [4th Dept 2018], lv denied 31 NY3d 909 [2018]; see generally Matter of Moore v MacRae, 177 AD2d 1012, 1012-1013 [4th Dept 1991]). Moreover, the evidence adduced at the hearing amply established that the award of sole legal custody to the father was in the child's best interest given the mother's incarceration, her failure to exercise visitation or telephonic rights with the child, and the child's own stated wishes (see generally Matter of Charles AA. v Annie BB., 157 AD3d 1037, 1039-1040 [3d Dept 2018]; Matter of Aronica v Aronica, 151 AD3d 1605, 1606 [4th Dept 2017]).
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court