Matter of James L.H. (Lisa H.) (2020 NY Slip Op 02393)





Matter of James L.H. (Lisa H.)


2020 NY Slip Op 02393


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND BANNISTER, JJ.


57 CAF 19-00150

[*1]IN THE MATTER OF JAMES L.H. OSWEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; LISA H. AND JASON H., RESPONDENTS-APPELLANTS.






ROBERT J. GALLAMORE, OSWEGO, FOR RESPONDENT-APPELLANT LISA H. 
DAVIS LAW OFFICE PLLC, OSWEGO (STEPHANIE N. DAVIS OF COUNSEL), FOR RESPONDENT-APPELLANT JASON H.
JEFFERY G. TOMPKINS, CAMDEN, FOR PETITIONER-RESPONDENT.
ANDREW S. GREENBERG, SYRACUSE, ATTORNEY FOR THE CHILD. 


 Appeals from an order of the Family Court, Oswego County (Kimberly M. Seager, J.), entered December 12, 2018 in a proceeding pursuant to Family Court Act article 10. The order adjudged that respondents had abused the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent father and respondent stepmother appeal from an order that adjudged that the subject child was an abused child. We affirm.
Contrary to respondents' contentions, Family Court's finding that they sexually abused the child is supported by the requisite preponderance of the evidence (see Family Ct Act § 1046 [b] [i]; see Matter of Nicholas J.R. [Jamie L.R.], 83 AD3d 1490, 1490 [4th Dept 2011], lv denied 17 NY3d 708 [2011]). "A child's out-of-court statements may form the basis for a finding of [abuse] as long as they are sufficiently corroborated by [any] other evidence tending to support their reliability" (Matter of Nicholas L., 50 AD3d 1141, 1142 [2d Dept 2008]; see § 1046 [a] [vi]; Matter of Nicole V., 71 NY2d 112, 117-118 [1987], rearg denied 71 NY2d 890 [1988]). "Courts have considerable discretion in determining whether a child's out-of-court statements describing incidents of abuse have been reliably corroborated and whether the record as a whole supports a finding of abuse . . . , and [t]he Legislature has expressed a clear intent that a relatively low degree of corroborative evidence is sufficient in abuse proceedings" (Nicholas J.R., 83 AD3d at 1490 [internal quotation marks omitted]).
Here, the out-of-court statements of the child were sufficiently corroborated by the evidence that the father had sexually abused his other child (see Nicole V., 71 NY2d at 118), the child's "age-inappropriate knowledge of sexual matters" (Matter of Brooke T. [Justin T.], 156 AD3d 1410, 1411 [4th Dept 2017]), the testimony of the child's play therapist that the child's behavior following the alleged abuse was consistent with that of a child who has been sexually abused (see Matter of Lydia C. [Albert C.], 89 AD3d 1434, 1435 [4th Dept 2011]), and the opinions of the child's play and trauma therapists that the child's out-of-court statements were credible and consistent in describing the sexual conduct (see id.). Furthermore, "the child gave multiple, consistent descriptions of the abuse and, [a]lthough repetition of an accusation by a child does not corroborate the child's prior account of [abuse] . . . , the consistency of the child['s] out-of-court statements describing [the] sexual conduct enhances the reliability of those out-of-court statements" (Brooke T., 156 AD3d at 1411 [internal quotation marks omitted]). In [*2]addition, "[t]he fact that the child[ ] at times recanted the allegations of abuse does not render [his] initial statements incredible as a matter of law . . . , particularly in view of the evidence that the child[ ] recanted" as a result of prompting by the father (Matter of Shawn P., 266 AD2d 907, 908 [4th Dept 1999], lv denied 94 NY2d 760 [2000]). The court, based principally upon the testimony of the child's therapists, credited the child's out-of-court statements disclosing the abuse, and we conclude that there is no basis on this record to disturb the court's resolution of credibility issues (see Matter of Lakeesha R., 229 AD2d 965, 965-966 [4th Dept 1996]).
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court