Matter of Brianna E. (Jeremiah H.) (2021 NY Slip Op 07449)





Matter of Brianna E. (Jeremiah H.)


2021 NY Slip Op 07449


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


1086 CAF 20-00951

[*1]IN THE MATTER OF BRIANNA E. AND BROOKLYNN H. JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; JEREMIAH H., RESPONDENT-APPELLANT.






PETER J. DIGIORGIO, JR., UTICA, FOR RESPONDENT-APPELLANT. 
KRISTOPHER STEVENS, WATERTOWN, FOR PETITIONER-RESPONDENT. 
KIMBERLY A. WOOD, WATERTOWN, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Jefferson County (Eugene J. Langone, Jr., J.), entered June 29, 2020 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent abused one of the subject children and derivatively neglected the other subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent appeals from an order of fact-finding and disposition that, inter alia, determined that he abused his stepdaughter.
Contrary to respondent's contention, Family Court's determination is supported by the requisite preponderance of the evidence (see Family Ct Act § 1046 [b] [i]; Matter of Nicholas J.R. [Jamie L.R.], 83 AD3d 1490, 1490 [4th Dept 2011], lv denied 17 NY3d 708 [2011]). "A child's out-of-court statements may form the basis for a finding of [abuse] as long as they are sufficiently corroborated by [any] other evidence tending to support their reliability," and courts have "considerable discretion in determining whether a child's out-of-court statements describing incidents of abuse have been reliably corroborated and whether the record as a whole supports a finding of abuse" (Nicholas J.R., 83 AD3d at 1490 [internal quotation marks omitted]; see Matter of Crystal S. [Patrick P.], 193 AD3d 1353, 1354 [4th Dept 2021]). Here, the out-of-court statements of the child were sufficiently corroborated by, inter alia, the testimony of petitioner's validation expert, a psychologist who evaluated the child and opined that the child's consistent statements made to the psychologist, an investigator, and a therapist were credible and consistent with those of a child who has been abused (see Matter of Lydia C. [Albert C.], 89 AD3d 1434, 1435 [4th Dept 2011]; Matter of Elizabeth G., 255 AD2d 1010, 1011-1012 [4th Dept 1998], lv dismissed 93 NY2d 848 [1999], lv denied 93 NY2d 814 [1999]). Furthermore, although "repetition of an accusation by a child does not corroborate the child's prior account of [abuse] . . . , the consistency of the child['s] out-of-court statements describing respondent's sexual conduct enhances the reliability of those out-of-court statements" (Matter of Yorimar K.-M., 309 AD2d 1148, 1149 [4th Dept 2003] [internal quotation marks omitted]; see Nicholas J.R., 83 AD3d at 1490-1491).
We likewise reject respondent's contention that the court erred in determining that he derivatively neglected his daughter. Contrary to respondent's contention, "[t]he record supports the determination of the court that [his] sexual abuse of [his stepdaughter] demonstrated fundamental flaws in [his] understanding of the duties of parenthood and warranted a finding of derivative neglect with respect to [his daughter]" (Matter of Lylly M.G. [Theodore T.], 121 AD3d 1586, 1588 [4th Dept 2014], lv denied 24 NY3d 913 [2015]; see Matter of Skyler D. [*2][Joseph D.], 185 AD3d 1515, 1517 [4th Dept 2020]; Matter of Michelle M., 52 AD3d 1284, 1284 [4th Dept 2008]).
By failing to object to certain validation testimony of petitioner's expert at trial, respondent failed to preserve for our review his contention that the court erred in allowing the expert to testify as to the credibility of the child's disclosure (see generally Yorimar K.-M., 309 AD2d at 1148).
We have considered respondent's remaining contention regarding the sufficiency of the court's decision and conclude that it lacks merit.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court