Matter of Dorika S. (Leopold G.) (2024 NY Slip Op 01423)

Matter of Dorika S. (Leopold G.)

2024 NY Slip Op 01423

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, MONTOUR, OGDEN, AND DELCONTE, JJ.

145 CAF 22-00950

[*1]IN THE MATTER OF DORIKA S., JIBU M., SALAMA M., AND MUNEZERO L. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; LEOPOLD G., RESPONDENT-APPELLANT.

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
BENJAMIN E. MANNION, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (RUSSELL E. FOX OF COUNSEL), ATTORNEY FOR THE CHILD. 
JENNIFER M. LORENZ, ORCHARD PARK, ATTORNEY FOR THE CHILDREN.
GARY MULDOON, ROCHESTER, ATTORNEY FOR THE CHILD.

 Appeal from an order of the Family Court, Erie County (Kelly A. Brinkworth, J.), entered May 18, 2022, in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent abused one of the subject children and derivatively abused the other three subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent appeals from an order that adjudged that he abused the eldest child of his girlfriend and derivatively abused her three youngest children, one of whom was his.
We agree with respondent that the findings of abuse and derivative abuse are properly before us despite the fact that he entered into a contract for services in lieu of a dispositional hearing inasmuch as he contested the findings of abuse and derivative abuse at the fact-finding hearing (see Matter of Zoe L. [Melissa L.], 122 AD3d 1445, 1446 [4th Dept 2014], lv denied 24 NY3d 918 [2015]; see also Matter of Noah C. [Greg C.], 192 AD3d 1676, 1676-1677 [4th Dept 2021]).
Contrary to respondent's contention, Family Court's finding that he sexually abused the eldest of the subject children is supported by the requisite preponderance of the evidence (see Matter of James L.H. [Lisa H.], 182 AD3d 990, 991 [4th Dept 2020], lv denied 35 NY3d 910 [2020]; see generally Family Ct Act § 1046 [b] [i]). "A child's out-of-court statements may form the basis for a finding of [abuse] as long as they are sufficiently corroborated by [any] other evidence tending to support their reliability" (James L.H., 182 AD3d at 991 [internal quotation marks omitted]; see § 1046 [a] [vi]; Matter of Nicole V., 71 NY2d 112, 117-118 [1987], rearg denied 71 NY2d 890 [1988]). "Courts have considerable discretion in determining whether a child's out-of-court statements describing incidents of abuse have been reliably corroborated and whether the record as a whole supports a finding of abuse . . . , and [t]he Legislature has expressed a clear intent that a relatively low degree of corroborative evidence is sufficient in abuse proceedings" (Matter of Nicholas J.R. [Jamie L.R.], 83 AD3d 1490, 1490 [4th Dept 2011], lv denied 17 NY3d 708 [2011] [internal quotation marks omitted]).
Here, the out-of-court statements of the eldest of the subject children were sufficiently corroborated by the testimony of "caseworker[s] trained in forensic interviewing techniques" (Matter of Skyler D. [Joseph D.], 185 AD3d 1515, 1516 [4th Dept 2020]), the child's " 'age-inappropriate knowledge of sexual matters' " and language (id.), a medical report indicating vaginal penetration of the child (see Matter of David C. [Lawrence C.], 162 AD3d 1648, 1649 [4th Dept 2018]), and a caseworker's discovery of a container of lotion as and where described by the child in her out-of-court statements that detailed its use in her sexual abuse. "[C]orroborative evidence as to the identity of an abuser is not required" (Matter of Amelia V.M.B. [Davidson B.], 107 AD3d 980, 981 [2d Dept 2013]; see also Matter of Nichole L., 213 AD2d 750, 751 [3d Dept 1995], lv denied 86 NY2d 701 [1995]). Moreover, the child gave multiple, consistent descriptions of respondent's abuse and, " '[a]lthough repetition of an accusation by a child does not corroborate the child's prior account of [abuse]
. . . , the consistency of the child['s] out-of-court statements describing [the] sexual conduct enhances the reliability of those out-of-court statements' " (Matter of Brooke T. [Justin T.], 156 AD3d 1410, 1411 [4th Dept 2017]). Additionally, the court was entitled to draw " 'the strongest inference' " against respondent that the opposing evidence permits based upon his failure to testify (Matter of Serenity P. [Shameka P.], 74 AD3d 1855, 1855 [4th Dept 2010]).
We further conclude that the findings of derivative abuse with respect to the three other subject children are supported by a preponderance of the evidence inasmuch as they were present in the home or, on at least one occasion, in the same room as respondent during the times that he sexually abused their eldest sibling (see Skyler D., 185 AD3d at 1517; Matter of A.R., 309 AD2d 1153, 1154 [4th Dept 2003]).
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court