McCarthy, J.
Appeal from an order of the Family Court of Broome County (Connerton, J.), entered January 26, 2012, which, among other things, granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a son (born in 2000) and a daughter (born in 2001). The parties separated in 2001 and, pursuant to a 2007 court order, they shared joint legal and physical custody of the children, with the father’s residence considered the primary residence for school purposes. In July 2011, the mother commenced this proceeding seeking, among other things, sole custody of the children. Subsequently, the father also filed a petition seeking to modify the prior order of custody. After a fact-finding hearing, Family Court dismissed the father’s petition and, although the court maintained joint custody, the mother was awarded physical custody of the children, with visitation to the father. The father now appeals, arguing that the mother’s petition should have been dismissed.
“Modification of an established custody arrangement requires *1294 a showing of sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest[s] of the children]” (Matter of Rue v Carpenter, 69 AD3d 1238, 1239 [2010] [internal quotation marks and citation omitted]; see Matter of Burrell v Burrell, 101 AD3d 1193, 1194 [2012]). Here, the mother alleged that the children were victims of physical and verbal abuse by the father and the paternal grandmother. In May 2011, the children arrived at school in a highly emotional state and were taken to the school counselor’s office. They informed the counselor that there had been an altercation at the father’s house that morning and that the father had grabbed the son by the shoulder and called both children derogatory names. The children also stated that the father has a pattern of being verbally abusive to them, especially the daughter, calling her derogatory names and threatening that, if the daughter said she wanted to live with the mother, he would kill the daughter’s animals and she would never see her brother again. A Child Protective Services caseworker testified that the children repeated their allegations to her later that day and the children stated that the father had pushed the son against the refrigerator during the altercation.
Inasmuch as Family Ct Act § 1046 (a) (vi) is applicable to custody proceedings based upon allegations of abuse, the children’s out-of-court statements are excepted from the hearsay rule, but must be corroborated (see Matter of Kimberly CC. v Gerry CC., 86 AD3d 728, 730 [2011]; Matter of Cobane v Cobane, 57 AD3d 1320, 1321 [2008], lv denied 12 NY3d 706 [2009]). Although the degree of corroboration is low, a “threshold of reliability” must be met (Matter of Zachariah VV., 262 AD2d 719, 720 [1999], lv denied 94 NY2d 756 [1999]; see Matter of Kimberly CC. v Gerry CC., 86 AD3d at 730). The “repetition of an accusation does not corroborate a child’s prior statement” (Matter of Cobane v Cobane, 57 AD3d at 1321; see Matter of Nicole V., 71 NY2d 112, 123 [1987]), although the reliability threshold may be satisfied by the testimony of an expert (see Matter of Nikita W. [Michael W.], 77 AD3d 1209, 1210 [2010]). Here, a psychotherapist who briefly treated the children testified that they suffered from adjustment disorder with anxiety and depressed mood, based upon emotional abuse by the father. However, the psychotherapist admitted that the mother participated in the majority of the children’s counseling sessions, and she provided details concerning the father that the children had not mentioned and the psychotherapist based her findings, in part, upon incidents as reported to her by the mother. Finally, although the children’s statements could corroborate each other (see Matter of Nicole V., 71 NY2d at 124), their out-of-court *1295 statements were contradicted by their sworn testimony.* Because the children’s out-of-court statements were not corroborated, Family Court’s finding of a change in circumstances lacks a sound and substantial basis in the record. Accordingly, the mother’s petition should be dismissed.
Lahtinen, J.E, Stein and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted petitioner’s application; said petition dismissed and the 2007 order of custody and visitation reinstated; and, as so modified, affirmed.

 With the parents’ consent, the children testified outside their presence and were subject to cross-examination by each parent’s counsel.