# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1255**
**CAF 14-01152**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF RONALD J. EAST,
PETITIONER-RESPONDENT,

               V                      MEMORANDUM AND ORDER

RACHEL L. GILES, RESPONDENT-APPELLANT.
---------------------------------------
IN THE MATTER OF RACHEL L. GILES,
PETITIONER-APPELLANT,

               V

RONALD J. EAST, RESPONDENT-RESPONDENT.

---

GERALD J. VELLA, SPRINGVILLE, FOR RESPONDENT-APPELLANT AND PETITIONER-APPELLANT.

TRAVIS J. BARRY, ATTORNEY FOR THE CHILDREN, HAMMONDSPORT.

---

Appeal from an amended order of the Family Court, Steuben County (Joseph W. Latham, J.), entered February 27, 2014 in proceedings pursuant to Family Court Act articles 6 and 8. The amended order, among other things, granted the petition of Ronald J. East to modify visitation and denied the family offense petition of Rachel L. Giles.

It is hereby ORDERED that the amended order so appealed from is unanimously affirmed without costs.

Memorandum: In these proceedings pursuant to Family Court Act articles 6 and 8, respondent-petitioner mother Rachel L. Giles appeals from an order that granted the petition of petitioner-respondent father Ronald J. East seeking to modify the visitation provisions of the judgment of divorce with respect to the subject children, and denied the mother's petitions seeking termination of the father's visitation and a determination that the father committed a family offense based on allegations that the father had sexually abused the parties' daughter. We note at the outset that Family Court issued an amended order that superseded the order from which the mother appeals. We nevertheless exercise our discretion to treat the notice of appeal as valid and deem the appeal as taken from the amended order (*see* CPLR 5520 [c]; *Matter of Donegan v Torres*, 126 AD3d 1357, 1358, *lv denied* 26 NY3d 905). We further note that the mother failed to include in the record on appeal the judgment of divorce. "Although [such an] omission . . . ordinarily would result in dismissal of the appeal

. . . , there is no dispute concerning the custody [and visitation] provisions contained in the judgment," and we therefore reach the merits (*Matter of Walker v Cameron*, 88 AD3d 1307, 1308 [internal quotation marks omitted]; *see Matter of Carey v Windover*, 85 AD3d 1574, 1574, *lv denied* 17 NY3d 710).

With respect to the parties' article 6 petitions, we conclude that the court did not abuse its discretion in determining that the daughter's out-of-court statements related to the alleged sexual abuse were not reliably corroborated. "It is well settled that there is 'an exception to the hearsay rule in custody [and visitation] cases involving allegations of abuse and neglect of a child, based on the Legislature's intent to protect children from abuse and neglect as evidenced in Family Ct Act § 1046 (a) (vi)' . . . , where . . . the statements are corroborated" (*Matter of Mateo v Tuttle*, 26 AD3d 731, 732; *see Matter of Ordona v Campbell*, 132 AD3d 1246, 1247). "Although the degree of corroboration [required] is low, a 'threshold of reliability' must be met" (*Matter of Zukowski v Zukowski*, 106 AD3d 1293, 1294; *see generally Matter of Nicholas J.R. [Jamie L.R.]*, 83 AD3d 1490, 1490, *lv denied* 17 NY3d 708). "The 'repetition of an accusation does not corroborate a child's prior statement' . . . , although the reliability threshold may be satisfied by the testimony of an expert" (*Zukowski*, 106 AD3d at 1294; *see Matter of Alexis S. [Edward S.]*, 115 AD3d 866, 867). "Family Court has considerable discretion in deciding whether a child's out-of-court statements alleging incidents of abuse have been reliably corroborated . . . , and its findings must be accorded deference on appeal where . . . the . . . [c]ourt is primarily confronted with issues of credibility" (*Matter of Nicole G. [Louis G.]*, 105 AD3d 956, 956).

Here, there is no direct or physical evidence of abuse, and thus "the case turns almost entirely on issues of credibility" (*Matter of Erinn G.*, 249 AD2d 879, 880). Although the mother correctly notes that some corroboration may be provided through the consistency of a child's statements and that a child's out-of-court statements may be corroborated by testimony regarding the child's increased sexualized behavior (*see Matter of Miranda HH. [Thomas HH.]*, 80 AD3d 896, 898-899), the court determined here that the mother's witnesses—who provided the corroborative testimony regarding the daughter's purportedly consistent statements and sexualized behavior—were not credible. Conversely, the court credited the testimony of the father and his witnesses that tended to cast doubt on the veracity of the allegations of sexual abuse, and those credibility determinations are entitled to deference (*see Nicole G.*, 105 AD3d at 956). In particular, we note that the court did not credit the mother's expert therapist because the therapist assumed from the outset that the daughter had been abused and relied on evidence based predominately on contact with the daughter in circumstances controlled by the mother and her family. Indeed, the court-appointed psychologist who evaluated the daughter criticized various aspects of the approach employed by the therapist, including his practice of permitting the mother to be present during some of the daughter's therapy sessions (*see Zukowski*, 106 AD3d at 1294). To the extent that the testimony of the psychologist and the therapist conflicted, the court was entitled

to give more probative weight to the testimony of the psychologist, who ultimately determined that, absent the court's determination that the mother's witnesses were credible, he could not conclude that the daughter had been abused (*see Matter of Breann B.*, 185 AD2d 711, 711). Contrary to the mother's contention, we conclude that the court properly gave weight to the opinion of the court-appointed psychologist, and agreed with the position of the Attorney for the Children, who contended that the mother's proof was insufficient to establish that the daughter had been sexually abused by the father (*see Matter of Ciccone v Ciccone*, 74 AD3d 1337, 1338, *lv denied* 15 NY3d 708).

To the extent that the mother contends that the court's determination to award the father unsupervised visitation with the children lacks a sound and substantial basis in the record, we reject that contention. It is well settled that " '[v]isitation with the noncustodial parent is presumed to be in the child[ren]'s best interests . . . , and . . . denial of visitation is justified only for a compelling reason' " (*Matter of Nwawka v Yamutuale*, 107 AD3d 1456, 1457, *lv denied* 21 NY3d 865). Here, inasmuch as the court determined that the evidence did not establish that the father had sexually abused the daughter, there was no compelling reason to deny the father visitation. Although the mother correctly notes that the psychologist recommended an incremental progression toward unsupervised visitation, we conclude that "[t]here is no merit to the mother's contention that the court erred in disregarding the opinion of the court-appointed [psychologist on that issue], as the . . . [c]ourt is not bound by the recommendations of forensic experts" (*Matter of Nelson v Nelson*, 276 AD2d 634, 634).

Finally, we conclude that the court did not err in dismissing the mother's family offense petition.

Entered:  December 23, 2015                    Frances E. Cafarell
                                               Clerk of the Court