■ In the Matter of ANASTASIA E.M. SUFFOLK COUNTY DE-PARTMENT OF SOCIAL SERVICES, Respondent; NIASIA F., Appellant. [45 NYS3d 199]—

Appeal by the mother from an order of fact-finding and disposition of the Family Court, Suffolk County (Theresa Whelan, J.), dated January 19, 2016. The order of fact-finding and disposition, after a fact-finding hearing, determined that the mother was presently and for the foreseeable future unable to care for the subject child, terminated her parental rights, and transferred guardianship and custody of the subject child to the Suffolk County Department of Social Services for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The petitioner commenced this proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights on the ground of intellectual disability (see Social Services Law § 384-b [4] [c]). The mother was 15 years old when the child was born and 17 years old when this proceeding was commenced. Upon the application of the mother's attorney, the Family Court appointed the mother a guardian ad litem. Thereafter, the court proceeded to a fact-finding hearing, during which the mother was represented at all times by her attorney and by her guardian ad litem. The mother failed to appear on at least two court dates, August 3, 2015, and August 7, 2015. Her attorney did not request an adjournment of the fact-finding hearing on either date, electing instead to proceed in the mother's absence, with the assistance of the mother's guardian ad litem. At the conclusion of the hearing, the court determined that the mother was presently and for the foreseeable future unable to care for the child, terminated her parental rights, and freed the child for adoption. The mother appeals from the order, arguing that the court erred in appointing her a guardian ad litem and in failing to adjourn the two hearing dates in her absence.

Contrary to the mother's contention, the Family Court did not err in appointing her a guardian ad litem because, among other reasons, the appointment was made at the request of her counsel and she was under 18 years old at the time the proceeding was commenced (see CPLR 1201, 1202; cf. Matter of Barbara Anne B., 51 AD3d 1018, 1019 [2008]; Matter of Shawndalaya II., 31 AD3d 823, 825 [2006]). Further, under the circumstances of this case, any alleged procedural irregularities in the appointment of the guardian ad litem did not constitute reversible error since they did not result in any prejudice to the mother (see CPLR 2001; Matter of Ramirez v

*Palacios*, 136 AD3d 666, 667 [2016]; *Matter of Shawndalaya II.*, 31 AD3d at 825; *Matter of Stephanie A.*, 224 AD2d 1027, 1028 [1996]).

Contrary to the mother's contention, the Family Court providently exercised its discretion in proceeding with the fact-finding hearing in the mother's absence on August 3, 2015, and August 7, 2015. The mother's counsel did not request an adjournment. Further, the mother was not prejudiced by the court's decision to proceed because her counsel actively participated at the hearing on those two dates, her guardian ad litem was present on those dates, the mother was present at the hearing on several other dates, and she had an opportunity to testify (*see Matter of Arianna BB. [Tracy DD.]*, 110 AD3d 1194, 1195 [2013]; *cf. Matter of Ca'leb R.D. [Mary D.S.]*, 121 AD3d 890, 891-892 [2014]; *Matter of Lillian D.L.*, 29 AD3d 583, 584 [2006]). Chambers, J.P., Roman, Maltese and Barros, JJ., concur.