Appeal from an order of the Family Court, Jefferson County (Peter A. Schwerzmann, A.J.), entered March 28, 2016 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent had severely abused the subject child.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent father appeals from an order that, among other things, adjudicated the subject child severely abused on the ground that the father committed felony sex offenses against her (see §§ 1012 [e] [iii] [A]; 1051 [e]; Social Services Law § 384-b [8] [a] [ii]).
 

 Contrary to the father’s contention, we conclude that Family Court’s finding that the child is a severely abused child is supported by clear and convincing evidence (see Matter of Chelsey B. [Michael W.], 89 AD3d 1499, 1499-1500 [4th Dept 2011], lv denied 18 NY3d 807 [2012]; see also Family Ct Act §§ 1046 [b] [ii]; 1051 [e]; Social Services Law § 384-b [8] [d]). “It is axiomatic that the determination of Family Court is entitled to great weight and should not be disturbed unless clearly unsupported by the record” (Chelsey B., 89 AD3d at 1500 [internal quotation marks omitted]), and here the court’s determination is supported by the record. Petitioner proved by clear and convincing evidence that the father committed felony sex offenses against the child in violation of Penal Law §§ 130.50 (3) and 130.65 (3) (see Social Services Law § 384-b [8] [a] [ii]). Contrary to the father’s contention, the child’s disclosures of sexual abuse were sufficiently corroborated by, among other things, the testimony of validation experts, a school psychologist, investigators, and the child’s counselor, as well as the child’s age-inappropriate knowledge of sexual matters (see Family Ct Act § 1046 [a] [vi]; Matter of Breanna R., 61 AD3d 1338, 1340 [4th Dept 2009]). Furthermore, the child gave multiple, consistent descriptions of the abuse and, “[although repetition of an accusation by a child does not corroborate the child’s prior account of [abuse] . . . , the consistency of the child [⅛] out-of-court statements describing [the] sexual conduct enhances the reliability of those out-of-court statements” (Matter of Nicholas J.R. [Jamie L.R.], 83 AD3d 1490, 1490-1491 [4th Dept 2011], lv denied 17 NY3d 708 [2011] [internal quotation marks omitted]).
 

 We reject the father’s further contention that petitioner was required to show diligent efforts to encourage and strengthen the parental relationship in order to establish severe abuse. Family Court Act § 1051 (e) was amended prior to the filing of the petition in this matter such that “a ‘diligent efforts’ finding is no longer a required element of a finding of severe abuse in the context of a Family Court Act article 10 proceeding” (Matter of Amirah L. [Candice J.], 118 AD3d 792, 794 [2d Dept 2014]; see § 1051 [e], as amended by L 2013, ch 430, § 1; Matter of Mason F. [Katlin G.—Louis F.], 141 AD3d 764, 765 n 5 [3d Dept 2016], lv denied 28 NY3d 905 [2016]; cf. Matter of Dashawn W. [Antoine N.], 21 NY3d 36, 50-54 [2013]).
 

 We also reject the father’s contention that he was denied effective assistance of counsel. Contrary to the father’s contention, “the failure to call particular witnesses does not necessarily constitute ineffective assistance of counsel—particularly where [, as here,] the record fails to reflect that the desired testimony would have been favorable” (Matter of Pfalzer v Pfalzer, 150 AD3d 1705, 1706 [4th Dept 2017], lv denied 29 NY3d 918 [2017] [internal quotation marks omitted]). In addition, the father’s claim that he was denied effective assistance of counsel by his attorney’s failure to retain and call a second psychologist “is ‘impermissibly based on speculation, i.e., that favorable evidence could and should have been offered on his behalf ” (Matter of Amodea D. [Jason D.], 112 AD3d 1367, 1368 [4th Dept 2013]; see Matter of Destiny C. [Goliath C.], 127 AD3d 1510, 1513-1514 [3d Dept 2015], lv denied 25 NY3d 911 [2015]). Finally, with respect to the father’s remaining claims of ineffective assistance of counsel, we conclude that the father failed to “demonstrate the absence of strategic or other legitimate explanations for counsel’s alleged shortcomings” (Matter of Brandon v King, 137 AD3d 1727, 1729 [4th Dept 2016], lv denied 27 NY3d 910 [2016] [internal quotation marks omitted]).
 

 Present—Whalen, P.J., Peradotto, DeJoseph, NeMoyer and Troutman, JJ.