Matter of Carmellah Z. (Casey V.) (2019 NY Slip Op 08298)





Matter of Carmellah Z. (Casey V.)


2019 NY Slip Op 08298


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND TROUTMAN, JJ.


895 CAF 18-02034

[*1]IN THE MATTER OF CARMELLAH Z., JUDASIA., RAMIERE V., AND ZACKERY V. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; CASEY V., RESPONDENT-APPELLANT, AND ISAIAH Z., RESPONDENT. (APPEAL NO. 2.) 






LINDA M. CAMPBELL, SYRACUSE, FOR RESPONDENT-APPELLANT.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (YVETTE VELASCO OF COUNSEL), FOR PETITIONER-RESPONDENT.
MICHAEL J. KERWIN, MANLIUS, ATTORNEY FOR THE CHILDREN. 


 Appeal from a corrected order of the Family Court, Onondaga County (Julie A. Cecile, J.), entered September 24, 2018 in a proceeding pursuant to Family Court Act article 10. The corrected order, among other things, adjudged that respondent Casey V. had neglected the subject children and placed her under the supervision of petitioner. 
It is hereby ORDERED that the corrected order so appealed from is unanimously reversed on the law without costs and the petition against respondent Casey V. is dismissed.
Memorandum: In this Family Court Act article 10 proceeding, respondent mother appeals from a corrected order that, as relevant to this appeal, determined that she neglected four of her five children.
We note at the outset that " [e]ffective appellate review, whatever the case but especially in . . . neglect proceedings, requires that appropriate factual findings be made by the trial court—the court best able to measure the credibility of the witnesses' " (Giordano v Giordano, 93 AD2d 310, 312 [3d Dept 1983]; see Matter of Langdon v Langdon, 137 AD3d 1580, 1581 [4th Dept 2016]). Here, Family Court failed to satisfy its obligation " to set forth those facts essential to its decision' " with respect to both the mother's motion to dismiss the petition and the ultimate determinations of neglect and the best interests of the children (Matter of Rocco v Rocco, 78 AD3d 1670, 1671 [4th Dept 2010]; see CPLR 4213 [b]; Family Ct Act § 165 [a]; Matter of Graci v Graci, 187 AD2d 970, 971 [4th Dept 1992]). The verbatim repetition of allegations contained in the petition in the spaces provided on the preprinted order of fact-finding and disposition is insufficient to fulfill that obligation. We nonetheless conclude that the record is sufficient for this Court to resolve the mother's appeal on the merits (see Matter of Yaddow v Bianco, 115 AD3d 1338, 1339 [4th Dept 2014]; see generally Rocco, 78 AD3d at 1671).
The mother contends that the court erred in denying her motion to dismiss the petition at the close of petitioner's proof on the ground that petitioner failed to establish a prima facie case that the children were neglected. We agree, and we therefore reverse the corrected order and dismiss the petition against the mother.
"While the burden of proving abuse or neglect always rests with petitioner, upon a motion . . . to dismiss a Family Court Act article 10 petition at the close of petitioner's case, the proper inquiry [is] whether petitioner [has] made out a prima facie case, thereby shifting the burden to respondent[] to rebut the evidence of parental culpability' " (Matter of Camara R., 263 AD2d [*2]710, 712 [3d Dept 1999]; see Matter of Mary R.F. [Angela I.], 144 AD3d 1493, 1493 [4th Dept 2016], lv denied 28 NY3d 915 [2017]). "[A] party seeking to establish neglect must show, by a preponderance of the evidence . . . , first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [2004], citing Family Ct Act
§ 1046 [b] [i]). "In each case, additionally, there must be a link or causal connection between the basis for the neglect petition and the circumstances that allegedly produce the child's impairment or imminent danger of impairment" (id. at 369). "A child may be found to be neglected when the parent knew or should have known of circumstances requiring action to avoid harm or the risk of harm to the child and failed to act accordingly" (Matter of Brian P. [April C.], 89 AD3d 1530, 1530 [4th Dept 2011]).
Here, petitioner alleged in its petition, inter alia, that the mother neglected the subject children because there had been incidents of age-inappropriate sexual conduct between the three youngest children and an additional sibling not named in the petition, that the youngest child also engaged in an age-inappropriate sexual act with a non-family member, and that the mother knew of the latter incident and failed to take appropriate action. Notably, petitioner conceded that it was alleging that the mother was aware of only the single incident between the youngest child and the non-family member and that the mother did not have firsthand knowledge of that incident.
To establish that the incident between the youngest child and the non-family member in fact occurred, a prerequisite to the neglect finding sought here (see Matter of Lebraun H. [Brenda H.], 111 AD3d 1439, 1440 [4th Dept 2013]), petitioner submitted only the testimony of two caseworkers who described the disclosure made by the youngest child regarding that incident. " A child's out-of-court statements may form the basis for a finding of [neglect] as long as they are sufficiently corroborated by [any] other evidence tending to support their reliability' " (Matter of Nicholas J.R. [Jamie L.R.], 83 AD3d 1490, 1490 [4th Dept 2011], lv denied 17 NY3d 708 [2011]; see Family Ct Act § 1046 [a] [vi]). Corroboration is required not "because statements of children are generally unreliable but because the out-of-court statements are hearsay and the statute requires some further evidence to establish their reliability" (Matter of Nicole V., 71 NY2d 112, 118 [1987]). "Although the degree of corroboration [required] is low, a threshold of reliability must be met" (Matter of East v Giles, 134 AD3d 1409, 1411 [4th Dept 2015] [internal quotation marks omitted]; see Matter of Zukowski v Zukowski, 106 AD3d 1293, 1294 [3d Dept 2013]). "The repetition of an accusation does not corroborate a child's prior statement' . . . , although the reliability threshold may be satisfied by the testimony of an expert" (Zukowski, 106 AD3d at 1294; see East, 134 AD3d at 1411).
We agree with the mother that petitioner failed to offer sufficient evidence to corroborate the out-of-court disclosure of the youngest child, who was five years old at the time of the interviews. Although the testimony of the two caseworkers established that the disclosure reflected age-inappropriate knowledge of sexual matters, petitioner failed to submit "[a]ny other evidence tending to support" the reliability of the youngest child's statements apart from the disclosure itself (Family Ct Act § 1046 [a] [vi] [emphasis added]; see Nicole V., 71 NY2d at 118; cf. Matter of Brooke T. [Justin T.], 156 AD3d 1410, 1411 [4th Dept 2017]; see also Matter of Liam M.J. [Cyril M.J.], 170 AD3d 1623, 1624 [4th Dept 2019], lv denied 33 NY3d 911 [2019]; Matter of Janiece B. [James D.B.], 93 AD3d 1335, 1335-1336 [4th Dept 2012]). For example, the disclosure was not independently substantiated by any of the other involved children (cf. Matter of Annarae I. [Jennifer K.], 148 AD3d 1243, 1245 [3d Dept 2017], lv denied 29 NY3d 909 [2017]), the eldest of whom was apparently not even interviewed during petitioner's investigation.
Further, although expert validation testimony may also constitute sufficient evidence to corroborate a child's out-of-court statement, no such expert testimony was submitted by petitioner. The two caseworkers who testified on behalf of petitioner asserted that they utilized forensic interviewing techniques to avoid leading the youngest child during their interviews, but petitioner failed to offer any evidence establishing that either caseworker was qualified to give expert validation testimony in such matters (see Matter of Melissa K., 254 AD2d 770, 770-771 [4th Dept 1998]; cf. Matter of Jaclyn P., 86 NY2d 875, 878 n [1995], cert denied 516 US 1093 [*3][1996]).
The mother's purported admission to the caseworkers also fails to corroborate the youngest child's disclosure. Although the caseworkers both testified that the mother indicated an awareness of the incident between the youngest child and the non-family member prior to the caseworkers disclosing any details of the youngest child's disclosure, petitioner conceded that the mother did not have firsthand knowledge of the incident. An admission by the mother "that she had heard that the purported prior incident occurred in the manner stated by others . . . is in no sense an admission of any fact pertinent to the issue, but a mere admission of what [she] had heard without adoption or indorsement' " (Christopher P. v Kathleen M.B., 174 AD3d 1460, 1462 [4th Dept 2019]).
In addition to the failure to sufficiently corroborate the youngest child's disclosure, petitioner further failed to present sufficient evidence that the mother became aware of the incident between the youngest child and the non-family member at a time when she could have acted "to avoid harm or the risk of harm to the child[ren but] failed to act accordingly" (Brian P., 89 AD3d at 1530). Specifically, petitioner offered no admissible evidence regarding the time frame when the mother became aware of that incident. Absent such evidence, we cannot conclude that the mother had sufficient time to act but failed to appropriately do so.
Moreover, one of the caseworkers testified that, although she did not "believe" that the mother ever expressed concerns regarding the sexual behavior of the children, she could not be sure that the mother had not done so. Notably, an inability to remember details infected the testimony of both caseworkers, petitioner's only witnesses, including an inability at times to recall names and ages of the involved children. We therefore conclude that petitioner failed to establish by a preponderance of the evidence that the mother neglected the subject children by failing to act as " a reasonable and prudent parent' " would have acted under the circumstances (Matter of Afton C. [James C.], 17 NY3d 1, 9 [2011]; see Matter of Kaylee D. [Kimberly D.], 154 AD3d 1343, 1344 [4th Dept 2017]).
In light of our conclusion, we do not address the mother's remaining contentions.
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court