Matter of Skyler D. (Joseph D.) (2020 NY Slip Op 04262)





Matter of Skyler D. (Joseph D.)


2020 NY Slip Op 04262


Decided on July 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, CURRAN, AND WINSLOW, JJ.


577 CAF 17-02101

[*1]IN THE MATTER OF SKYLER D., EMILY D., ANDREW D., AND JOSEPH D., JR. STEUBEN COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; JOSEPH D., SR., RESPONDENT-APPELLANT. (APPEAL NO. 4.)






ROSEMARIE RICHARDS, GILBERTSVILLE, FOR RESPONDENT-APPELLANT.
JESSICA M. PEASLEE, BATH, FOR PETITIONER-RESPONDENT.
MARYBETH D. BARNET, MIDDLESEX, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Steuben County (Mathew K. McCarthy, A.J.), entered November 16, 2017 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent had neglected and abused Skyler D. and that Joseph D., Jr., Andrew D. and Emily D. had been derivatively neglected and abused. 
It is hereby ED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these proceedings pursuant to Family Court Act article 10, respondent father appeals in appeal Nos. 1, 2, and 3 from two orders and an amended order in which Family Court found, inter alia, that he abused and neglected his older daughter and derivatively abused and neglected his three other children. In appeal No. 4, the father appeals from an order of disposition that, among other things, placed all four children with their mother and ordered that the father have no contact with them. We note at the outset that the father's appeals from the orders and amended order in appeal Nos. 1, 2, and 3 must be dismissed inasmuch as the appeal from the dispositional order in appeal No. 4 "bring[s] up for review the propriety of the fact-finding order[s]" (Matter of Deseante L.R. [Femi R.], 159 AD3d 1534, 1535 [4th Dept 2018]; see Matter of Lisa E. [appeal No. 1], 207 AD2d 983, 983 [4th Dept 1994]).
Contrary to the father's contention in appeal No. 4, we conclude that there is a sound and substantial basis in the record supporting the court's determination that his older daughter was neglected and abused as a result of the father's sexual abuse (see generally Family Ct Act § 1046 [b] [i]; Matter of Sean P. [Brandy P.], 156 AD3d 1339, 1339-1340 [4th Dept 2017], lv denied 31 NY3d 903 [2018]). "A child's out-of-court statements may form the basis for a finding of [abuse or] neglect as long as they are sufficiently corroborated by [any] other evidence tending to support their reliability" (Matter of Nicholas L., 50 AD3d 1141, 1142 [2d Dept 2008]; see § 1046 [a] [vi]; Matter of Nicole V., 71 NY2d 112, 117-118 [1987], rearg denied 71 NY2d 890 [1988]). "Courts have considerable discretion in determining whether a child's out-of-court statements describing incidents of abuse have been reliably corroborated and whether the record as a whole supports a finding of abuse[ or neglect] . . . , and [t]he Legislature has expressed a clear intent that a relatively low degree of corroborative evidence is sufficient in [child protective] proceedings" (Matter of Nicholas J.R. [Jamie L.R.], 83 AD3d 1490, 1490 [4th Dept 2011], lv denied 17 NY3d 708 [2011] [internal quotation marks omitted]).
Here, the older daughter's disclosures of sexual abuse were sufficiently corroborated by the testimony of her speech therapist, a school psychologist, and a caseworker trained in forensic [*2]interviewing techniques, as well as by the child's "age-inappropriate knowledge of sexual matters" (Matter of Liam M.J. [Cyril M.J.], 170 AD3d 1623, 1624 [4th Dept 2019], lv denied 33 NY3d 911 [2019] [internal quotation marks omitted]; see Family Ct Act § 1046 [a] [vi]; Matter of Brooke T. [Justin T.], 156 AD3d 1410, 1411 [4th Dept 2017]). Furthermore, we note that "the child gave multiple, consistent descriptions of the abuse and, [a]lthough repetition of an accusation by a child does not corroborate the child's prior account of [abuse] . . . , the consistency of the child['s] out-of-court statements describing [the] sexual conduct enhances the reliability of those out-of-court statements" (Brooke T., 156 AD3d at 1411 [internal quotation marks omitted]).
Although the father is correct that "the court failed to comply with Family Court Act § 1051 (e) by specifying the particular sex offense perpetrated upon the child as defined in Penal Law article 130," we conclude that the error is " technical in nature and harmless' " (Matter of Eden S. [Joshua S.], 117 AD3d 1562, 1563 [4th Dept 2014], lv denied 24 NY3d 906 [2014]; see Matter of Shannon K., 222 AD2d 905, 906 [3d Dept 1995]). Because the older daughter was seven years old at the time of the contact, the specific offense could only be sexual abuse in the first degree (see Penal Law § 130.65 [3]; Eden S., 117 AD3d at 1563). Contrary to the father's further contention, where, as here, the underlying crime is sexual abuse, "the court is permitted to infer the sexual gratification element from the conduct itself if that conduct involved the deviate touching of the child's genitalia," which is the case here (Eden S., 117 AD3d at 1563).
We further conclude that the finding of derivative abuse and neglect with respect to the three other children is supported by a preponderance of the evidence (see Matter of Alexia J. [Christopher W.], 126 AD3d 1547, 1548 [4th Dept 2015]; Matter of Jovon J., 51 AD3d
1395, 1396 [4th Dept 2008]).
Entered: July 24, 2020
Mark W. Bennett
Clerk of the Court