Matter of Bryleigh E.N. (Derek G.) (2020 NY Slip Op 05670)





Matter of Bryleigh E.N. (Derek G.)


2020 NY Slip Op 05670


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


924 CAF 19-00709

[*1]IN THE MATTER OF BRYLEIGH E.N. LIVINGSTON COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; DEREK G., RESPONDENT-APPELLANT. (APPEAL NO. 2.) 






HAYDEN DADD, CONFLICT DEFENDER, GENESEO (HEIDI W. FEINBERG OF COUNSEL), FOR RESPONDENT-APPELLANT. 
ASHLEY J. WEISS, MOUNT MORRIS, FOR PETITIONER-RESPONDENT.


 Appeal from an order of the Family Court, Livingston County (Robert B. Wiggins, J.), entered October 11, 2018 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that the subject child is an abused child and a severely abused child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In appeal No. 1, respondent father appeals from an order entered pursuant to Family Court Act article 10 determining that he committed a felony sex offense against his daughter (see Family Ct Act §§ 1012 [e] [iii] [A]; 1051 [e]; Social Services Law § 384-b [8] [a] [ii]). In appeal No. 2, the father appeals from an order of fact-finding and disposition that, inter alia, determined that the subject child is an abused child and a severely abused child (see Family Ct Act §§ 1012 [e] [iii] [A]; 1051 [e]; Social Services Law § 384-b [8] [a] [ii]) and released the child to the custody of the nonrespondent mother (see Family Ct Act § 1054 [a]). In appeal No. 3, the father appeals from an order granting the petition of Livingston County Department of Social Services (DSS) seeking termination of his parental rights pursuant to Social Services Law § 384-b.
As a preliminary matter, we note that the appeal from the order of fact-finding and disposition in appeal No. 2 brings up for review the propriety of the order in appeal No. 1, and we therefore dismiss the appeal from the order in appeal No. 1 (see Matter of Lisa E. [appeal No. 1], 207 AD2d 983, 983 [4th Dept 1994]).
Contrary to the father's contention in appeal No. 2, DSS established by clear and convincing evidence that the father committed the crime of criminal sexual act in the first degree against his daughter (Penal Law § 130.50 [3]) and thereby established that the child is severely abused (see Matter of Brooke T. [Justin T.], 156 AD3d 1410, 1411 [4th Dept 2017]; Matter of Chelsey B. [Michael W.], 89 AD3d 1499, 1499-1500 [4th Dept 2011], lv denied 18 NY3d 807 [2012]; see also Family Ct Act §§ 1046 [b] [ii]; 1051 [e]; Social Services Law § 384-b [8] [d]). Contrary to the father's further contention in appeal No. 2, the child's out-of-court statements were sufficiently corroborated by, inter alia, the consistency of the child's account that the father touched and made oral contact with her genitals, as well as witness testimony that the child engaged in identical behaviors that she had attributed to the father and that the child engaged in age-inappropriate sexual behavior with other children. In addition, a caseworker for child protective services (CPS) testified that she found the child's account credible because the child could give specific details of the abuse and where it occurred and because the child's sexual and aggressive behaviors were consistent with behaviors seen in children proven to have been sexually abused. There was also testimony from the mother that the child reacted vocally and [*2]negatively when a physician sought to touch her genitals when examining the child for a urinary tract infection. Inasmuch as the degree of corroboration required to establish the reliability of the child's out-of-court statements is low (see Matter of East v Giles, 134 AD3d 1409, 1411 [4th Dept 2015]), and as Family Court judges have "considerable discretion" in determining whether the child's statements have been reliably corroborated (Matter of Nicole V., 71 NY2d 112, 119 [1987], rearg denied 71 NY2d 890 [1988]), we conclude that the above evidence constituted sufficient corroboration (see Family Ct Act § 1046 [a] [vi]; Brooke T., 156 AD3d at 1411; Matter of Nicholas J.R. [Jamie L.R.], 83 AD3d 1490, 1490-1491 [4th Dept 2011], lv denied 17 NY3d 708 [2011]; Matter of Breanna R., 61 AD3d 1338, 1340 [4th Dept 2009]). Because Family Court's finding is supported by the record, we see no reason to disturb it (see Brooke T., 156 AD3d at 1411; Chelsey B., 89 AD3d at 1500).
We agree with the father's contention in appeal No. 3, however, that DSS had no standing to bring a petition to terminate his parental rights pursuant to Social Services Law § 384-b and that the court had no jurisdiction to entertain it. That statute applies to destitute or dependent children in situations where termination of parental rights will free them for adoption (§ 384-b [1] [b]; [3] [a]; [10]). The child herein is neither a destitute nor a dependent child within the meaning of the Social Services Law (see § 371 [3], [7]), and there is no indication in the record that an adoption was planned for the child (see Matter of Anastasia I. [Svetlana T.—Aaron M.I.], 118 AD3d 1480, 1481 [4th Dept 2014]; Matter of Cadence SS. [Amy RR.—Joshua SS.], 103 AD3d 126, 128-129 [3d Dept 2012], lv denied 21 NY3d 853 [2013]; Matter of Lucinda G., 122 Misc 2d 416, 417, 422 [Fam Ct, Delaware County 1983]; see also Matter of Julian P. [Melissa P.—Zachary L.], 106 AD3d 1383, 1384 [3d Dept 2013]). Indeed, at the first appearance of this matter, the court granted temporary full custody to the mother with the consent of DSS and did not thereafter make any other custody order. We reject the position of DSS, adopted by the court, that a directive in the order in appeal No. 2, by which the court released the child into the custody of the mother pursuant to Family Court Act § 1054 (see § 1052 [a] [ii]), rendered the termination proceeding authorized by Social Services Law § 384-b applicable to the child and the father. On the basis of the above analysis, we reverse the order in appeal No. 3 and dismiss the petition seeking termination of the father's parental rights to the child.
The father's contentions in appeal No. 3 that he was deprived of due process and meaningful representation because he appeared only by telephone during the termination proceeding have been rendered moot by our reversal of the order in appeal No. 3 and dismissal of the petition granted in that order. To the extent that the father's claim of ineffective assistance of counsel survives with respect to certain CPS reports dealing with the mother, we conclude that the father failed to "demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (Matter of Brandon v King, 137 AD3d 1727, 1729 [4th Dept 2016], lv denied 27 NY3d 910 [2016] [internal quotation marks omitted]; see People v Benevento, 91 NY2d 708, 712 [1998]).
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court