Matter of Dixon v Crow (2021 NY Slip Op 01572)





Matter of Dixon v Crow


2021 NY Slip Op 01572


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND BANNISTER, JJ.


81 CAF 19-01009

[*1]IN THE MATTER OF MATTHEW A. DIXON, PETITIONER-RESPONDENT,
v
TAYLOR R. CROW, RESPONDENT-APPELLANT. 






HAYDEN DADD, CONFLICT DEFENDER, GENESEO (HEIDI W. FEINBERG OF COUNSEL), FOR RESPONDENT-APPELLANT. 
GARY MULDOON, ROCHESTER, ATTORNEY FOR THE CHILDREN.


 Appeal from an order of the Family Court, Livingston County (Robert B. Wiggins, J.), entered May 8, 2019 in a proceeding pursuant to Family Court Act article 6. The order granted respondent supervised visitation with the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that, after a hearing, granted the petition of petitioner father to modify a prior order of custody and visitation by requiring that the mother's visitation with the subject children be supervised and occur in New York. We affirm.
The mother contends that Family Court erred in denying her request for an adjournment of the hearing until she could travel from out of state to appear in person. We reject that contention. "The grant or denial of a motion for 'an adjournment for any purpose is a matter resting within the sound discretion of the trial court,' " and we conclude under the circumstances here that the court did not abuse its discretion (Matter of Steven B., 6 NY3d 888, 889 [2006], quoting Matter of Anthony M., 63 NY2d 270, 283 [1984]; cf. Matter of Sullivan v Sullivan, 173 AD3d 1844, 1845 [4th Dept 2019]). We note that the mother has failed to demonstrate that she suffered any prejudice as a result of not attending the hearing in person inasmuch as she appeared by telephone, she declined the opportunity to testify, and her attorney fully represented her interests at the hearing (cf. Sullivan, 173 AD3d at 1845; see generally Matter of Anastasia E.M. [Niasia F.], 146 AD3d 887, 889 [2d Dept 2017]; Matter of Dakota H. [Danielle F.], 126 AD3d 1313, 1315-1316 [4th Dept 2015], lv denied 25 NY3d 909 [2015]). We also reject the mother's related contention that the court's refusal to grant the adjournment deprived her of effective assistance of counsel. Contrary to the mother's assertion, the record establishes that her attorney was fully familiar with the case and " 'was both competent and zealous' . . . , as evidenced by the fact that [she] . . . vigorously cross-examined [the father], . . . made appropriate objections" and put forth a reasoned, albeit unsuccessful, motion to dismiss the petition (Matter of Ballard v Piston, 178 AD3d 1397, 1398-1399 [4th Dept 2019], lv denied 35 NY3d 907 [2020]).
The mother further contends that the court erred in determining that there was reliable corroboration of the children's out-of-court statements describing certain mistreatment by the mother. We conclude that the mother's contention lacks merit. "It is well settled that there is 'an exception to the hearsay rule in custody [and visitation] cases involving allegations of abuse and neglect of a child, based on the Legislature's intent to protect children from abuse and neglect as evidenced in Family Ct Act § 1046 (a) (vi)' . . . , where . . . the statements are corroborated" (Matter of Mateo v Tuttle, 26 AD3d 731, 732 [4th Dept 2006]; see Matter of Ordona v Campbell, 132 AD3d 1246, 1247 [4th Dept 2015]). "Although the degree of corroboration [required] is [*2]low, a threshold of reliability must be met" (Matter of East v Giles, 134 AD3d 1409, 1411 [4th Dept 2015] [internal quotation marks omitted]). "Courts have considerable discretion in determining whether a child's out-of-court statements describing incidents of abuse have been reliably corroborated and whether the record as a whole supports a finding of abuse" (Matter of Poromon v Evans, 176 AD3d 1642, 1642 [4th Dept 2019] [internal quotation marks omitted]).
Here, each child's out-of-court statements were sufficiently corroborated, and cross-corroborated, by the testimony at their separate Lincoln hearings that, during an out-of-state summer visitation period, the mother subjected them to excessive and inappropriate corporal punishment by repeatedly striking them with a belt thereby leaving bruises, deprived them of indoor bathroom facilities and necessities, and engaged in other mistreatment and inappropriate conduct while ostensibly caring for them (see Matter of Gabriel R. [Jose R.], 188 AD3d 501, 502 [1st Dept 2020]; Matter of George A. v Josephine D., 165 AD3d 425, 425 [1st Dept 2018]; Matter of Lowe v O'Brien, 81 AD3d 1093, 1094 [3d Dept 2011], lv denied 16 NY3d 713 [2011]). In addition, the children's reports of mistreatment and inappropriate conduct by the mother, and its detrimental effect on them, were partially corroborated by the testimony of the father (see Matter of Antonio S. [Antonio S., Sr.], 154 AD3d 420, 420 [1st Dept 2017]). Although the mother challenges the court's determination with respect to the father's credibility and the reliability of the corroborative evidence, we note that " 'Family Court has considerable discretion in deciding whether a child's out-of-court statements alleging incidents of abuse have been reliably corroborated . . . , and its findings must be accorded deference on appeal where . . . the . . . [c]ourt is primarily confronted with issues of credibility' " (East, 134 AD3d at 1411). Here, "in view of its unique opportunity to observe the witnesses in the course of the fact-finding and Lincoln hearings, [the court's] credibility determinations are entitled to great deference" (Matter of Eunice G. v Michael G., 85 AD3d 1339, 1340 [3d Dept 2011]), and we conclude that there is no basis on this record to disturb those determinations.
Contrary to the mother's further contention, the father met his burden of establishing a change in circumstances sufficient to warrant an inquiry into whether a modification of the visitation arrangement is in the best interests of the children (see Matter of Morales v Vaillant, 187 AD3d 1591, 1591 [4th Dept 2020]). Here, the mother's mistreatment of the children during the summer visitation period, which included the infliction of excessive and inappropriate corporal punishment with a belt and the deprivation of adequate bathroom facilities and necessities, constituted the requisite change in circumstances (see Matter of DeJesus v Gonzalez, 136 AD3d 1358, 1360 [4th Dept 2016], lv denied 27 NY3d 906 [2016]; Matter of Samuel v Samuel, 64 AD3d 920, 921 [3d Dept 2009]; Matter of Hagans v Harden, 12 AD3d 972, 973 [3d Dept 2004], lv denied 4 NY3d 705 [2005]).
The mother also contends that the court erred in requiring that her visitation be supervised because the father failed to establish that such visitation is in the children's best interests. We conclude that the mother's contention lacks merit in light of the evidence of her mistreatment of the children. The determination whether visitation should be supervised "is a matter left to the sound discretion of the court and will not be disturbed where, as here, there is a sound and substantial basis in the record to support such visitation" (Matter of Vieira v Huff, 83 AD3d 1520, 1521 [4th Dept 2011]; see Matter of Joseph G. v Winifred G., 104 AD3d 1067, 1068-1069 [3d Dept 2013], lv denied 21 NY3d 858 [2013]; Matter of Boulerice v Heaney, 45 AD3d 1217, 1218 [3d Dept 2007]). Contrary to the mother's related contention, we discern no basis to disturb the court's determination that the supervised visitation must occur in New York (see Matter of LaRussa v Williams, 114 AD3d 1052, 1055 [3d Dept 2014]). Finally, we note that if, as the mother now suggests in her brief on appeal, visitation is being withheld because the parties are unable to agree on a "mutually acceptable supervisor" to facilitate the mother's supervised visitation with the children in New York pursuant to the order, she "may file a petition seeking to enforce or modify the order" (Matter of Moore v Kazacos, 89 AD3d 1546, 1547 [4th Dept 2011], lv denied 18 NY3d 806 [2012]; see Matter of Pierce v Pierce, 151 AD3d 1610, 1611 [4th Dept 2017], lv denied 30 NY3d 902 [2017]; Matter of Thomas v Small, 142 AD3d 1345, 1346 [4th Dept 2016]).
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court