Matter of Dorika S. (Baseme M.) (2023 NY Slip Op 06690)

Matter of Dorika S. (Baseme M.)

2023 NY Slip Op 06690

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, GREENWOOD, AND DELCONTE, JJ.

1011 CAF 22-01033

[*1]IN THE MATTER OF DORIKA S. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; BASEME M., RESPONDENT-APPELLANT. (APPEAL NO. 1.)

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.
BENJAMIN E. MANNION, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (RUSSELL E. FOX OF COUNSEL), ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Kelly A. Brinkworth, J.), entered June 16, 2022, in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent abused the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these proceedings pursuant to Family Court Act article 10, as limited by her brief, respondent mother appeals in appeal No. 1 from an order of fact-finding and disposition insofar as it determined that she abused her eldest child, and, in appeal Nos. 2 through 5, she appeals from orders of fact-finding and disposition insofar as they determined that she derivatively abused her other four children. Family Court's determination is based on findings that the mother failed to adequately respond when the eldest child, who was nine years old, reported that she was being sexually abused by her stepfather. We note that the mother does not challenge the stipulated dispositions with respect to the children, and that the mother's challenges in all five appeals to the findings of abuse and derivative abuse are properly before us inasmuch as the mother is "aggrieved by the court's findings of [abuse and derivative abuse]" despite her consent to the dispositions (Matter of Noah C. [Greg C.], 192 AD3d 1676, 1677 [4th Dept 2021]; see Matter of Vashti M. [Carolette M.], 214 AD3d 1335, 1335 [4th Dept 2023], appeal dismissed 39 NY3d 1177 [2023]). In all five appeals, we conclude that, contrary to the mother's contentions, the court's findings of abuse and derivative abuse are supported by a preponderance of the evidence.
We accord "great weight and deference to [the] [c]ourt's determinations, including its drawing of inferences and assessment of credibility, and we will not disturb those determinations where, as here, they are supported by the record" (Matter of Arianna M. [Brian M.], 105 AD3d 1401, 1401 [4th Dept 2013], lv denied 21 NY3d 862 [2013] [internal citations omitted]). The evidence presented by petitioner at the fact-finding hearing on all five petitions included, inter alia, testimony that the mother did not remove the stepfather from the home after her eldest child reported that the stepfather was sexually abusing her, but, instead, merely instructed the child to "pretend to be asleep." In appeal No. 1, we conclude that the evidence, combined with the adverse inference that the court properly drew based upon the mother's failure to testify (see Matter of Burke H. [Richard H.], 117 AD3d 1455, 1455 [4th Dept 2014]), provides a sound and substantial basis to support the finding that the mother abused the eldest child when she failed to sufficiently act to protect the eldest child when that child reported the sexual abuse (see Matter of Michael B. [Samantha B.], 130 AD3d 619, 621 [2d Dept 2015], lv denied 26 NY3d 906 [2015]; Matter of Alesha P. [Audrey B.], 112 AD3d 1369, 1369 [4th Dept 2013]). We further conclude [*2]in appeal Nos. 2 through 5 that the findings of derivative abuse with respect to the four other children are supported by a preponderance of the evidence (see Matter of Skyler D. [Joseph D.], 185 AD3d 1515, 1517 [4th Dept 2020]).
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court